person who has taken it in good faith, and who will now be defrauded if it is not enforced. 'As thus presented, the question will be whether Mrs. Osborn or the complainant, both being equally innocent, must suffer for Mr. Osborn's fraud; and it is said she should suffer because her negligence enabled the fraud to be committed. But to make this argument available it must appear that complainant, so far as the old indebtedness was concerned, has done something, or parted with something in reliance upon the mortgage, which will make defeating the mortgage as security to that extent operate to his injury. Nothing of the kind appears here; and this fact distinguishes the case broadly from *McWilliams v. Mason, 31 N. Y., 294,* on which complainant relies.

The decree must be modified so as to confine it to the installment which was put in issue, and Mrs. Osborn must recover the costs of this court.

The other Justices concurred.

## The People on the relation of Eugene Carpenter v. The Wayland Wood Manufacturing Company.

*Corporations: Information in nature of a quo warranto: Forfeiture: Nonuser: Judgment creditors: Statutory remedy.* An application by a judgment creditor for leave to file an information in the nature of a *quo warranto* to enforce a forfeiture for non-user of the corporate rights and franchises of a manufacturing company, is denied in the absence of any showing that the statutory remedy provided for judgment creditors, and which is deemed the more appropriate one, was not available.

*Heard April 4. Decided April 5.*