# LETONDAL *vs.* HUGUENIN.

1. Under the Code (§ 2570), in a suit commenced by attachment, a judgment by default cannot be taken on the first day of the term to which the writ is returnable ; .but if the suit is brought in either the Circuit or City Court of Mobile, and the attachment is levied more than twenty days before its return, judgment by default may be taken on the first day of the term under the provisions of the act of February 17, 1854, (Pamphlet Acts 1853-4, p. 91, § 6.)

2. And if the attachment is not sued out against a non-resident, but is levied on the defendant's goods and chattels, and no garnishee is summoned, there is no law requiring any notice to be given.

3. A complaint in the form prescribed by the Code (p. 551), "on promissory note, by payee against maker", is sufficient to support a judgment by default ; and its legal effect is the same as if it contained an averment, in express terms, that the note was payable to the plaintiff.

4. When the judgment entry recites, that "the plaintiff came by attorney, and the defendant having failed to file his plea within the time prescribed by law, it is considered by the court, that the plaintiff have and recover of the defendant", &c., "the damages due by the two promissory notes declared on", it will be presumed on error, that the complaint shown by the record (although the day on which it was filed is not endorsed on it, as required by section 2247 of the Code) was filed before the rendition of the judgment by default.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS suit (A. C. Huguenin vs. Jules Letondal) was commenced by original attachment, sued out on the ground that the defendant had money, property, or effects, liable to the

satisfaction of plaintiff's debt, which he fraudulently with-held. The attachment was issued by the clerk of the Circuit Court, on the 23d February, 1854, and was returnable (*not* "to the next term of the Circuit Court," &c., but) "at the court-house, on the third Monday after the fourth Monday in March next"; and it was levied, on the 24th February, on a gold watch and breastpin.

The complaint, which was endorsed "Filed in office", but no date or signature affixed to the endorsement, was in these words :—

"A. C. Huguenin } The State of Alabama, Mobile County.
  *vs.*
Jules Letondal. } Circuit Court, Spring term, 1854.

"The plaintiff claims of the defendant twenty-one dollars, due by promissory note made by him November 24, 1853, at sixty days; also, the sum of one hundred and twenty-five dollars, due by promissory note made by him November 24, 1853, at ninety days, with interest thereon; both of which said promissory notes are now due."

The judgment entry, which is next set out, is as follows :—

"This day came the plaintiff by his attorney; and the defendant having failed to file his plea herein within the time prescribed by law and the rules of this court, it is considered by the court, that the plaintiff have and recover of the defendant the sum of one hundred and forty-seven 65-100 dollars, the damages due by the two promissory notes declared on, together with his costs in this behalf expended."

On this judgment the following errors are assigned :—

"1. The court erred in rendering judgment for the plaintiff at the return term of the writ of attachment, against the provisions of the Code in that respect, and when there was no authority by law for rendering the same.

"2. In rendering judgment by default for the plaintiff, when it did not appear that the complaint had been filed within the three first days of the return term of the attachment, as required by the Code, nor that the defendant was in default.

"3. In rendering judgment for the plaintiff, when it did not appear that the time for pleading to the complaint had elapsed after the filing thereof; as the time of filing the same

is not shown, as required by the Code, nor whether the complaint was filed before or after the judgment.

"4. In rendering judgment for the plaintiff on the complaint ; the same not showing sufficiently a cause of action in favor of the plaintiff in the suit, and no evidence being produced to the court.

"5. Because it does not appear that the complaint was filed before the judgment was rendered.

"6. Because the complaint was not sufficient, nor does it show sufficiently that the debts were due when the attachment was issued, nor that the notes were payable to plaintiff, nor that he held them ; nor are they filed, to show that a debt is due, nor how much."

Geo. N. Stewart, for the appellant :

1. The Code provides that in attachments judgment shall not be rendered at the first term, unless the defendant appear and plead.—Code, § 2570. Here the judgment was rendered at the first term by default.

2. The Code requires the complaint to be filed within the three first days of the return term of the attachment.—Code, § 2570. It also requires that the true date of the filing of all pleadings shall be endorsed on them.—Code, § 2247. Here it does not appear that the complaint was filed as required by the Code, nor when filed, nor if filed three days before the trial, nor if filed even at the time of the trial ; so that it does not appear that the time allowed for filing a plea had elapsed which the law allowed to the defendant after the complaint was filed ; but the very contrary appears. The complaint could not properly be filed before the very day when judgment was rendered, and no time was allowed even to plead.—See Code, §§ 2257, 2258.

3. It was not competent for the clerk, or the court, to assess the damages ; nor could judgment be rendered for the plaintiff without the proof of the debt, by the production of the notes sued on, as the complaint does not contain all the averments necessary for the establishment of a cause of action. It does not appear to whom the notes were payable, nor who held them when suit was brought, nor at the time of the trial, nor that they were produced, nor are they filed. The debt,

therefore, is not established, either by the allegations confessed, or by proof produced.

Does a judgment by default, on a complaint under the Code, authorize a judgment without proof? Is judgment given on the allegations of the complaint, or on the proof produced at the trial? In the forms prescribed by the Code, the facts necessary to entitle a party to a judgment are not required to be stated, as in a declaration. The complaint stands like the endorsement on a writ, not a technical specification of the facts which the law requires to demonstrate the liability, but as a mere notice to the defendant of what the plaintiff intends to rely on; it may contain, too, much that is conclusion of law, not averment of facts. The default merely admits that the plaintiff has a cause of action, but not what it may be, nor how much. Suppose the complaint is defective, and no demurrer to it is filed; no objection can then be taken to it, and yet it will show no cause of action. Suppose then there is a verdict for the plaintiff; can the judgment be arrested? But if proof was adduced on the trial of a complete right of action, and no objection was made, and no bill of exceptions taken, the plaintiff would be entitled to his judgment. The judgment, then, is not given on the record or pleadings, but on the proof.

A. J. REQUIER, contra, contended, 1st, that the complaint was sufficient under the forms prescribed by the Code; 2d, that judgment by default was properly taken on the first day of the term, under the provisions of the act of 17th February, 1854, regulating the practice in the Circuit and City Courts of Mobile; and, 3d, that no notice was necessary, as there was no garnishment.

RICE, J.—If the provisions of the Code *only* governed this case, the judgment by default could not be supported; because on the mere levy of an attachment, it was rendered at the first term after such levy, and on the first day of the term. Code, § 2570; Pruitt v. Clack, 9 Porter's R. 286.

But the provisions of the Code, in this class of cases, are materially modified by the act of 17th February, 1854, whenever such cases are brought in *the Circuit or City Court of Mobile.*—Pamphlet Acts of 1853-4, pp. 91-2.

The attachment in this case was levied more than twenty days before the case was placed on the docket and the judgment by default taken. It therefore stood for trial on the day the judgment was rendered, under the provisions of the 6th section of the act of 1854 above cited, unless some law in existence at the passage of that act required a notice to be given.

If the attachment had been sued out against a non-resident, the then existing law would have required a notice to be given ; and in that case, judgment by default could not lawfully have been rendered at the first term ensuing the expiration of twenty days from the levy of the attachment.—Code, § 2510. But the attachment is not here sued out against a non-resident. It was levied on the goods and chattels of the appellant, and no person has been served or summoned as garnishee. In such a case as this, we know of no law which requires a notice to be given. And under the provisions of the act of 1854, *supra*, we hold, that the appellee did not take his judgment by default sooner than he was entitled to it.

The appellant contends, that the complaint, unaided by any proof whatever, is insufficient to authorize or sustain a judgment by default, because it does not show *to whom* the notes sued on were payable. We think otherwise. The complaint is in the form given by the Code for a complaint " *on promissory note, by payee against maker.*" The legal effect of a complaint in this form, is the same as if it contained, in express terms, an averment that the note described in it was payable to the plaintiff in the action ; and under this form of complaint, a note not payable to the plaintiff would be inadmissible.

Under the recitals contained in the judgment entry, we feel bound to presume, that the complaint which is shown in the record was filed before the judgment by default was rendered. There is nothing contained in this record, which prevents us from applying to it the maxim, " *Omnia præsumuntur rite esse acta.*"

We are satisfied there is no error in the record. Judgment affirmed,