| 30 | 677 |
|----|-----|
| 103 | 676 |

## BROWDER *vs.* GASTON & WELLBORN.

[ACTION ON PROMISSORY NOTE BY TRANSFERREE AGAINST MAKER.]

1. *Sufficiency of complaint.*—In an action on a promissory note, by transferree against the maker, the complaint must aver the assignment, or contain some other allegation to show the plaintiff's ownership.
2. *Substantial defect in complaint not cured by judgment by default.*—A substantial defect in the complaint, on account of the omission of a necessary allegation, is available on error, after judgment by default.
3. *Signature to complaint.*—A complaint, under the Code, (§ 2234,) must be signed by either the plaintiff himself, or his attorney.

APPEAL from the Circuit Court of Barbour.

The record does not show the name of the presiding judge.

THE complaint in this case was in these words:

"Gaston & Wellborn ⎫ The plaintiffs claim of the de-
vs. ⎬ fendant the sum of $66 13, with
Isham C. Browder. ⎭ its legal interest from the 8th
January, 1856, due by a promissory note, or due-bill,
made by defendant to Joseph A. Salsbury, or bearer,
dated the 8th January, 1856, for the sum of $66 13."

The judgment was by default.

It is now assigned as error, 1st, that the complaint
shows no cause of action in plaintiffs; and, 2d, that the
complaint is not signed by either the plaintiff or his
attorney.

L. L. CATO, for the appellant.

STONE, J.—Some of the forms of pleading, in civil
proceedings, given in the Code, contain no averment of
property, or ownership, in the plaintiff. The form for a
complaint "on promissory note by payee against maker,"
p. 551; the form "for the recovery of chattels in specie,"
p. 552, and several others, are in this condition. In every
such case, the form given in the Code is sufficient.—See
Letondal v. Huguenin, 26 Ala. 552; Pickens and Wife v.
Oliver, 29 Ala. 528. But, when the complaint describes
a cause of action which is, *prima facie*, the property of the
plaintiff, there must be, to make it good, an averment of
property in the plaintiff, or something equivalent to it.
If the demand be assignable, an averment that it has been
assigned to plaintiff will be sufficient.

The complaint in this case describes a note made pay-
able to Joseph A. Salsbury. This, without more, imports
that Salsbury is the owner of the note. The plaintiffs
fail to show that they are the "party really interested,"
and for this reason the complaint is bad.—Code, § 2129;
see, also, form for complaint by transferree, on p. 552.

This defect is one of substance, and is not cured by
sections 2402 and 2405 of the Code.

The complaint should also have been signed by the
plaintiff, or his attorney.—Code, § 2234.

The judgment of the circuit court is reversed.