## CUMMING vs. RICHARDS.

[ACTION ON PROMISSORY NOTE.]

1. *Sufficiency of complaint.*—A complaint in the form prescribed by the Code, (p. 551,) "on promissory note, by payee against maker," is sufficient to support a judgment by default.

2. *Time of service of summons.*—Where a summons is executed on the 8th day of the month, the cause stands for trial (Code, § 2257) at the ensuing term of the court commencing on the 29th.

3. *Presumption as to regularity of service of summons.*—Mere identity of name will not, after judgment by default, authorize the appellate court to presume, for the purpose of reversing the judgment, that the sheriff who executed the summons on one of the defendants was a party to the suit.

APPEAL from the Circuit Court of Monroe.
Tried before the Hon. C. W. RAPIER.

The complaint in this case was in these words :

"Charles G. Richards ⎫   The plaintiff claims of the de-
        vs.          ⎪   fendants the sum of four hundred
Samuel J. Cumming,   ⎬ dollars, due by promissory note
   Neal McCorry,     ⎪   made by them on the seventh day
   W. J. Gressette.  ⎭   of March, 1853, and payable on
the first day of January, 1854, with interest thereon."

The summons was issued on the 24th September, 1855.
Service was acknowledged by the defendants Cummings
and Gressette on the 1st October; and the summons was
executed on McCorry, on the 8th October, by "W. J.
Gressette, sheriff." At the next ensuing term of the
court, which commenced on the 29th October, 1855,
judgment by default was rendered against all the defend-
ants.

The errors now assigned are: "1st, the rendition of
judgment at a term of the court when judgment could not
be legally rendered; 2d, the rendition of judgment against
the defendants without giving them twenty days notice;
3d, the rendition of judgment against the defendants be-
fore the expiration of twenty days after the execution of
the summons and complaint; 4th, the rendition of judg-
ment against the defendants, when the writ was served
on one of them by the sheriff, who was a party to the
cause, and therefore incompetent to serve the writ; and,
5th, that the complaint does not show any cause of action
in the plaintiff."

S. J. CUMMING, for appellants.

R. C. TORREY, contra.

RICE, C. J.—The complaint shows a good cause of
action.—Letondal v. Huguenin, 26 Ala. 552.

Twenty days before the return term of the summons, it
was executed on one of the defendants by the sheriff, and
service was accepted by the other defendants. The case
therefore stood for trial at that term, and as a case in

which, during that term, a judgment could well be rendered.—Code, § 2257.

The mere fact that W. J. Gressette is the name of one of the defendants, and that W. J. Gressette is the name of the sheriff who served the summons on the defendant McCorry, does not authorize us to *intend, for the purpose of reversing the judgment*, that the sheriff Gressette is the defendant Gressette. Whether we would make such intendment, if it were necessary to *support* the judgment, we do not decide. If the fact is that sheriff Gressette was a defendant, the appellants should have shown it in some proper mode, if they desired a reversal on that ground. Boykin v. Edwards, 21 Ala. 261.

We have now disposed of the five assignments of error; and, confining our decision to them, we hold, that there is nothing embraced by them, which entitles the appellants to a reversal.

The judgment is affirmed.