THOMAS R. H. DEPUY, ET AL., APPELLANTS, v. AUSTIN STRONG, ET AL., RESPONDENTS.

*Trespass—Tenants in common—Joinder of parties—Demurrer—Answer.*

In an action to recover damages for an injury done to the possession of lands held by tenants in common, all co-tenants must be joined as parties Plaintiff, &c.

If in such action there is a non-joinder of parties Plaintiff, which appears upon the face of the complaint, advantage thereof can only be taken by demurrer.

Where, in such case, a demurrer is interposed, and is overruled by the Court, the Defendant should appeal; if he answer, he abandons his demurrer and cannot afterward have the benefit of it, on appeal.

To set up by answer a defence which the Code requires to be by demurrer is a nullity and cannot be made available.

ACTION to recover damages for entering upon lands, cutting timber, and removing therefrom timber and bark.

The complaint set forth that Plaintiffs owned certain individual interests in the lands in question, with the other necessary averments, charging the Defendants with trespassing thereon. The Defendants demurred to the complaint, on the ground of a defect of necessary parties as Plaintiffs.

The demurrer was heard at Special Term, and overruled, with leave to Defendants to answer upon terms. The Defendants answered the complaint, and, among other defences, insisted upon the non-joinder of parties Plaintiff. Upon the trial of the issues it was shown that Plaintiffs were tenants in common in the lands trespassed, with other parties.

Upon this ground the Plaintiffs were nonsuited; and after affirmance of the judgment by the General Term, sitting in the Third District, appealed to this Court.

*James Matthews* for Appellants.

*Niven & Thompson* for Respondents.

GROVER, J.—The law in this State, prior to the enactment of the Code, was settled, that tenants in common must all join in an

action of trespass to recover damages for injuries to real estate held in common (Hill *v.* Gibbs, and cases cited, 5 Hill, 56). The rule applied to personal, and not to real actions. It was founded upon the idea that it was an injury to the possession, and that as the possession of one tenant in common was regarded as the possession of all, the injury was to their joint right, and therefore all must join in prosecuting the remedy. The law having been so determined it must still be so held, unless changed by the Legislature. It is claimed that section 111 of the Code has changed the law in this respect. That section provides that every action must be prosecuted in the name of the real party in interest, with exceptions not applicable to the present case. The only change effected by this provision was, to enable Courts of law to treat assignments of certain choses in action as transferring the legal title which, at common law, transferred only the equitable. The rule at the common law was, that the owner of the legal title must sue. Section 119 has, I think, no bearing upon the question in this case. That provides that those united in interest must be joined as Plaintiffs, or Defendants; but if the consent of any one who should have joined as Plaintiff cannot be obtained, he may be made a Defendant, the reason thereof being stated in the complaint. This clearly does not authorize the omission of a party which the existing law required. It is said that it would be incongruous to make one tenant in common a co-Defendant with a trespasser upon his refusal to join as Plaintiff. This is so, but the answer is, that that is the only remedy provided by the Code for a case where, before, if he refused to join as Plaintiff, his co-tenant could not maintain an action at all, unless the Court, upon the special facts, permitted his name to be used as Plaintiff. I think it clear that the Code has not changed the law as to the requisite parties in this class of actions. The question arises as to the mode in which the Defendant may avail himself of the omission to join a co-tenant as Plaintiff. Previous to the Code this could only be done by demurrer, when the defect appeared upon the narr., or, in case it did not, by plea in abatement. The latter plea has been abolished by the Code, the only mode provided for presenting a

defence being by demurrer or answer.  Section 144, among other things, provides that a Defendant may demur to the complaint, when it shall appear upon the face thereof that there is a defect of parties Plaintiff or Defendant.  In the present case the defect of parties Plaintiff did appear upon the face of the complaint. The Plaintiffs alleged that they owned an undivided interest in the land.

The remaining interest must, of necessity, have been owned by others, either as joint-tenants, or tenants in common with the Plaintiffs.

In either case, the co-tenants were necessary parties.  One mode of presenting this question, provided by the Code, was by demurring to the complaint.  This the Defendants interposed. The Special Term erroneously overruled it, and gave the Defendants leave to answer.  The Defendants answered, setting up, among other defences, the defect of parties Plaintiff.  This was an abandonment of the demurrer, and placed the case in the same position as though none had been interposed.  It remains to inquire whether, in case the defect does appear upon the face of the complaint, it can be made available by answer.  This inquiry is answered by section 147.  That provides that when any of the matters enumerated in section 144 do not appear upon the face of the complaint, the objection may be taken by answer.  This clearly implies that when the defect appears upon the face of the complaint, it is available only by a demurrer to the complaint. This being so, setting it up in the answer is a mere nullity.

The Defendants, instead of answering, should have appealed from the judgment ordered upon the demurrer.  It has been repeatedly held by this Court that defects of this description must be insisted upon in the mode provided by the Code, or they are waived (33 N. Y. 43 ; 32 id. 685).

The judgment appealed from must be reversed, and a new trial ordered.  If the Defendant has any relief under the peculiar facts of this case, it is by obtaining leave in the Supreme Court to withdraw his answer, and that judgment be entered upon the demurrer.

FULLERTON, J.—The action was brought to recover damages for trespass on lands. The Plaintiffs, in their complaint, claimed to be owners in fee of considerably less than a moiety of the lands on which the injury was committed. The Defendants demurred to the complaint for non-joinder of all the tenants in common, either as Plaintiffs or Defendants. The demurrer was held bad, and the Defendants had leave to answer, of which leave they availed themselves. The issues were tried before Mr. Justice Hogeboom and a jury, and a verdict of thirty dollars rendered for the Plaintiffs.

The Defendants appealed to the General Term, and a new trial was ordered, the verdict of the jury being set aside, on the ground that tenants in common could not sever in an action for trespass on their lands so held in common.

The cause was again tried before the same Justice and a jury, and the Defendants moved for a nonsuit, on the ground that the Plaintiffs had failed to establish title to the premises; also that the testimony showing that there were other persons, owners, as tenants in common of the premises in question, the action could not be maintained. The motion for nonsuit was granted, upon the ground that tenants in common must all be joined as parties in actions for trespass upon lands owned in common. The Plaintiffs appealed to the General Term, where a new trial was denied, and from that decision they appeal to this Court.

It must be conceded that before the Code the rule in this State was, that tenants in common must join in actions to recover for injuries to the realty (Austin v. Hall, 13 John. 286; Low v. Mumford, 14 John. 426; Decker v. Livingston, 15 John. 479; Hill v. Gibbs, 5 Hill, 56, note). This rule has not been altered by the Code. The only change it has made is in the mode of taking advantage of a defect of parties. Under the old system the only remedy was by plea in abatement; and if that were not interposed, a tenant in common could still recover. The Defendant could show on the trial that there were others interested in the claim, not by way of bar, but to limit the Plaintiff's recovery to his aliquot part of the damages sustained. Now, the Defendant

may have his remedy by demurrer, if the defect appear on the face of the complaint, or by answer if it does not.

The only question in this case, as I view it, is whether, when the defect of parties appears on the face of the complaint, the Defendant can omit to demur, and take advantage of it by answer, and this point seems to be well settled by authority (Dennison v. Dennison, 9 How. Pr. R. 247; Osgood v. Whittlesey, 10 Abb. Pr. R. 134; Ingraham v. Baldwin, 12·Barb. 18; Baggott v. Boulger, 2 Duer, 169; Zabriskie v. Smith, 3 Kernan, 336).

In this last case, Judge Denio, in discussing the question, remarks: "A dilatory defence, which a plea in abatement is considered to be, is not favored; but he that is entitled to avail himself of it must interpose it promptly, according to the established forms. Here the facts were fully disclosed by the complaint, and the Defendant *could have demurred.* The authority to object by way of answer is, in terms, limited· to cases where the fact does not appear in the prior pleading. When, therefore, the last section [148] which I have quoted declares, that if the objection is not taken by demurrer or answer, it shall be considered as waived, it means that if it be not taken by demurrer where that mode is proper, or by answer, in cases where that is the appropriate method, it is waived. This construction will give full effect to all the language, and will, besides, compel the Defendant to take his ground with the promptness inculcated by the rule of pleading to which I have referred."

This question was again considered in this Court in Merritt v. Walsh (32 N. Y. 690), and Zabriskie v. Smith was there cited as settling the rule. The question is therefore no longer open for consideration. Where a demurrer can be interposed for a defect of parties, the Defendant is confined to that remedy alone, and it is only where evidence is necessary to make the defect apparent that an answer to that point is permitted.

The complaint in this action distinctly alleges that each of the Plaintiffs is the owner in fee of a specified fractional part of the lands on which the trespasses were committed, the sum of which parts is much less than the whole of the lands; thereby admitting

that there were other parties jointly interested with the Plaintiffs in the claim sought to be recovered, and thus bringing the case directly within the rule established.

The Defendants were therefore right, in the first instance, in interposing a demurrer to the complaint, and when it was over-ruled, they should have corrected the error by an appeal. Having omitted to do so, they have acquiesced in the judgment, and are concluded by it. If the merits of that decision were before us in this controversy, we should correct the error, but they are not; and the case stands precisely as if no demurrer had been inter-posed. That being so, and holding that the question could not be raised by answer, the Plaintiffs were at liberty to recover their aliquot proportion of the damages proved on the trial.

The judgment of the General and Special Terms should be reversed, and a new trial granted, costs to abide the event.

All reverse.