# Davidson *v.* Weems, Ex'r.

## *Action on Account.*

1. *Discontinuance; what does not operate as.*—Where suit is brought in the name of two persons, claiming, as late partners, under a firm name for goods sold defendant—there being nothing to show that the plaintiffs had different interests in the debt—the suit, on the death of one of the plaintiffs, should be prosecuted in the name of the other as surviving partner; making the executor of one of the deceased partners a plaintiff with the other, creates a misjoinder of parties plaintiff, for which a demurrer would lie, but does not operate a discontinuance; neither is the cause discontinued by amendment striking out the name of the other partner, and leaving the executor of the deceased partner the sole plaintiff.

2. *Charge; what error to refuse.*—In such case, the executor of the deceased partner being the sole plaintiff, and the complaint containing no appropriate allegations of ownership in him, it is error to refuse to instruct the jury, at defendant's request, that the plaintiff cannot recover for goods sold and delivered by the late firm.

3. *Amendment; when will not be presumed.*—The appellate court will not presume that an amendment of pleadings, shown to be necessary by the proof, was made, when the party omits to ask leave to amend, after the defect has been brought to his notice, by objection raised in the court below.

APPEAL from City Court of Mobile.

Tried before Hon. O. J. SEMMES.

B. A. Weems and L. H. Weems, as late co-partners under the firm name of B. A. Weems & Co., brought suit against appellant, Davidson, to recover the price of goods sold to him by the late firm. Davidson appeared and pleaded. Afterwards, the plaintiff suggested the death of B. A. Weems, and on motion, his executor, E. R. Weems, was made a party plaintiff in his stead. "On the calling of the cause, the plaintiffs having announced ready, the defendant suggested that the cause had been discontinued by the change of parties, and moved the court to make an order to that effect,

which motion was overruled, and defendant excepted." The plaintiffs were then allowed, against the objection and exception of defendant, to strike out the name of L. H. Weems, as a party plaintiff."

The above is all that is shown by the record or bill of exceptions as to these amendments, and there is nothing to show that the allegations of the original complaint were in anywise amended, save as above stated.

The defendant then moved the court to strike the cause from the docket, on the ground that it had been discontinued by the change of parties; but the objection was overruled, and defendant excepted.

The evidence showed that defendant's indebtedness arose from a sale of goods to him by the firm of B. A. Weems & Co., composed of B. A. and L. H. Weems; that the firm was dissolved before suit was brought; that B. A. Weems afterwards died; that plaintiff, E. R. Weems, was his executor, and that L. H. Weems was surviving at the time of the trial. The court, against the objection and exception of defendants, permitted the plaintiff to prove that the claim sued on was the sole property of B. A. Weems at the time suit was brought, the firm having dissolved, and the accounts, by agreement between the late partners, having been turned over to B. A. Weems.

The defendant requested the court, in writing, to charge the jury as follows: "If the account sued on was contracted with the firm of B. A. Weems & Co., composed of B. A. and L. H. Weems, and L. H. Weems is now the surviving partner of that firm, then, under the complaint in this case, the plaintiff, as executor, can not recover." The court refused to give this charge, and defendant excepted.

The refusal of the motions to enter a discontinuance, and to strike the cause from the docket, on the ground that it had been discontinued, and the refusal to give the charge requested, are now assigned as error.

ANDERSON & BOND, for appellant.—The change in parties by striking out L. H. Weems, and substituting the executor of B. A. Weems, in his stead, left the plaintiff asserting a claim for goods sold by B. A. Weems alone. The complaint follows the form in the Code where the plaintiff declares directly on an account contracted with himself; and not as an assignee or transferree. On its face, then, the complaint did not show any such transfer, nor did it contain an averment that the claim was the property of the plaintiff. This was necessary to enable plaintiff to recover under the circumstances disclosed in the record. Not containing any

[Davidson v. Weems, Ex'r.]

proper averment as to ownership, &c., the plaintiff was confined to proof of an account contracted with him. Evidence of. a contract made with some one else, and transferred to him, was without the cause of action stated. The refusal of the charge asked by defendant was plainly erroneous.

The amendments effected a change of the cause of action, and presented a different issue between different parties; thereby the suit was discontinued.

BOYLES & OVERALL, contra.—There was no discontinuance. Parties were still before the court, capable of prosecuting the suit. The defendant and the cause of action, remained as before the amendment. When L. H. Weems' name was stricken out, it was an admission that he had no interest in the suit. The original plaintiffs were then represented before the court by the executor of one of them, and the same defendant and same cause of action were before it. The alleged defects in the complaint could be reached only by demurrer, and not by motion to enter a discontinuance. Defendant not having demurred, but gone on and treated the complaint as a good one, it is too late now to seek a reversal for its defects.—Rev. Code, § 2808. On a statute, similar in every respect to section 2808 of the Code, it has been repeatedly held, that "upon appeal, the court may treat the pleadings as amended in conformity to the evidence, in any respect in which an amendment ought clearly to have been allowed."—40 Barb. 237; 1 Kernan, 237; 19 Barb. 331; 21 N. Y. 305.

MANNING, J.—The action in this cause was brought by B. A. Weems and L. H. Weems as late co-partners under the firm name of B. A. Weems & Co., for the price of goods alleged to have been sold by plaintiffs to defendants. And there was nothing in the complaint to show that one of them had any more interest in the sum sued for than the other. Therefore, upon the death of B..A. Weems, the right to prosecute the suit dovolved upon L. H. Weems alone, as the surviving partner. According to law, and the statement of facts contained in the complaint, no other person was then entitled to maintain the action.

But the making of the executor of B. A. Weems as his representative, a co-plaintiff with L. H. Weems, was not a discontinuance of the suit, and the motion to have it so ordered was properly overruled. By the change there was only a misjoinder of parties plaintiff, for which, if not corrected, a demurrer would lie. Nor was the alteration subsequently effected by the striking out of the complaint the

name of L. H. Weems as a party and leaving that of B. A. Weems as the sole original plaintiff, now represented by his executor, a discontinuance of the action. There were parties in court and a claim prosecuted. If, as appellants' counsel argue, the complaint then showed that the right to sue for this claim was not in the executor of B. A. Weems, but in L. H. Weems, as surviving partner, a demurrer for that cause might have been sustained, but not the motion for an order that plaintiff had discontinued his suit. *Non constat* that the complaint would not be amended so as to show a right of action in the executor alone. This might have been done in such a case, by an averment that at the time of bringing the suit, B. A. Weems was the person really interested in the sum sued for and solely entitled to have the same.—§§ 2523 *et seq.* of the Revised Code of 1867.

The judge of the City Court erred, however, in not giving the charge asked, to the effect that under the allegations of this complaint, the plaintiff was not entitled to recover in this action, for goods sold by the firm of *B. A. Weems & Co.*, of which L. H. Weems was surviving partner. To authorize a recovery by the executor in such a case there should have been an averment that B. A. Weems was the owner of the claim sued on, when the suit was brought, and the party really interested therein.—*Browder v. Gaston*, 30 Ala. 677; *Douglass v. Beasley*, 40 *id.* 242.

This court cannot consider an amendment as made, which counsel decline or omit to ask leave to make, when their attention is regularly directed to the matter of it by objections made on account of the defect, in the course of the proceedings at the trial.

Let the judgment of the City Court be reversed and the cause be remanded.