# Beggs & Son *v.* Arnotte.

*Action on Promissory Note by Payee against Maker.*

1. *Action by payee against maker of promissory note; sufficiency of complaint.*—In an action on a promissory note, "by payee against maker," a complaint in the form prescribed by the Code (Form No. 4, p. 701) is sufficient to support a judgment by default.

APPEAL from Jefferson Circuit Court.

Tried before Hon. S. H. SPROTT.

The complaint in this case was in these words: "William Arnotte, plaintiff, v. H. T. Beggs & Son, a firm composed of H. T. Beggs and —. Beggs, defendants."

"The plaintiff claims of the defendants the sum of sixty-nine and 30-100 dollars due by due bill made by defendants the 31st day of January, 1884, and payable on the — day of —, 1884, with interest."

A judgment by default was rendered against defendants at the Fall term of said court. This judgment is here assigned by appellants as error.

R. H. PEARSON, for appellants. The cause of action, as set out in the complaint, did not authorize a judgment by default. The complaint fails to show when or where the demand was

[Allen, Ex'r, v. Allen.]

payable, or to whom it was payable, or who was the owner of the claim.—*Douglas v. Beasley*, 40 Ala. 142.

SOMERVILLE, J.—The complaint was in the form prescribed by the Code for a suit "on a promissory note by payee against maker," and contained a cause of action sufficiently substantial to support a judgment by default against the maker. The precise point has been several times settled by this court.—*Letondal v. Huguenin*, 26 Ala. 552; *Cummings v. Richards*, 32 Ala. 459; Code, 1876, Form No. 4, p. 701.

The case of *Douglas v. Beasley*, 40 Ala. 142, relied on by appellants' counsel, does not conflict with this view. The action there was one by the assignee of a promissory note, and the complaint failed to aver the fact of assignment, or to contain any other averment showing the plaintiff's ownership of the note.

Affirmed.