# Lancaster County National Bank *versus* Huver, Assignee of Shenk.

1.  A., a bank, discounted a note for B. and credited his account with the proceeds. The next day B. made an assignment for the benefit of his creditors. A. immediately, on learning this, credited B. with the discount and charged him with the amount of the note, thus balancing B.'s account, and tendered the note to B. and his assignee, who refused to accept it. In an action by the assignee of B. against A. to recover the proceeds of the discounted note it was *held* (*a*) That there was a failure of consideration for the discount, and that there was no liability on part of A. (*b*) That the assignee of B. had no equities superior to B. himself, and therefore there could not be a recovery.

2.  Dougherty Brothers & Co., *v.* Central National Bank, 12 Norris, 227 followed.

May 17th, 1886. Before MERCUR, C. J., GORDON PAXSON, STERRETT, GREEN and CLARK, JJ. TRUNKEY, J., absent.

ERROR to the Court of Common Pleas of *Lancaster county* : Of January Term 1886, No. 136.

Assumpsit by Michael L. Huver, assignee of Henry Shenk and wife, against Lancaster County National Bank.

Pleas, non assumpsit, payment with leave.

The following are the facts of the case as they appeared before the court, PATTERSON, J.

On March 30th, 1885, Henry H. Shenk made his note for $250 payable thirty days after date, and on same date had it discounted by the Lancaster County National Bank; the proceeds, $248.58, were placed to his credit on the books of the bank and no check was drawn against that sum. Next day he made an assignment for benefit of creditors to Michael L. Huver, and at once the bank, on discovering his insolvency, credited his account with $1.42, the discount, charged him with $250, the amount of the note, and tendered the note to Shenk and his assignee. They refused to receive it; Huver, the assignee, demanded the $248.58 and, on refusal, brought this suit filing an affidavit of his claim.

The defendant filed the following affidavit of defence :

That the sum of two hundred and forty-eight dollars and fifty-eight cents, demanded by plaintiff, is the proceeds of a

note for two hundred and fifty dollars made by Henry H. Shenk, above named, dated March 30th, 1885, payable thirty days after date, discounted for the said Henry H. Shenk on said March 30th, 1885, and the proceeds (two hundred and forty-eight dollars and fifty-eight cents, after deducting one dollar and forty-two cents, the discount,) placed to the credit of said Henry H. Shenk;

That on March 31st, 1885, and before any part of said sum was drawn from said defendant, and said Henry H. Shenk made an assignment for benefit of creditors to said Michael L. Huver, and was insolvent;

That thereupon, and upon discovery of the insolvency of said Henry H. Shenk, the said defendant credited to said Henry H. Shenk the sum of one dollar and forty-two cents, so as aforesaid deducted as discount, and charged him with two hundred and fifty dollars, the amount of said note, leaving nothing due him thereon, and tendered the note to said Michael L. Huver and Henry H. Shenk;

That at the time of so doing the defendant had no notice of any checks or assignments by said Henry H. Shenk other than the said assignment to Michael L. Huver for benefit of creditors.

A rule was entered by the plaintiff to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which, after argument, was made absolute and judgment was accordingly entered. The defendant thereupon took this writ, assigning for error the action of the court in making said rule absolute.

*William Aug. Atlee* for plaintiff in error.—The facts in this case are so precisely similar to the facts in Dougherty Bros. & Co. *v.* Central National Bank, 12 Norris, 227, and the language of the Supreme Court so entirely applicable to them that it is impossible to sustain this judgment if that case is still law in Pennsylvania.

*D. G. Eshleman* (*L. Ellmaker* with him,) for defendant in error.—The attempt of the bank to change its relations with Shenk, after it was informed of the assignment, could not be successful. The assignment fixed their relations. At that time it owed Shenk $248.58, and Shenk was not indebted to it. The assignment passed all the money standing to the credit of Shenk to Huver, the assignee: Wilt *v.* Franklin, 1 Binn., 502.

This action was commenced by Huver, the assignee, on the 27th of April, 1885. The note was not due at that time, and the bank, therefore, had no set-off.

A demand to be set off, must be a subsisting cause of action at the time of the commencement of plaintiff's suit, and upon which an action might have been sustained: Waterman on Set-off, 74, 75, § 60; Pennel v. Grubb, 1 Har., 552; Huling v. Hugg, 1 W. & S., 418; Varney v. Brewster, 14 New Hamp., 49, 54; Ryan v. Barger, 16 Illinois, 28; In Re Commercial Bank Co., L. R., 1 Ch. Ap., 538; Roig v. Tim, 7 Out., 115, 118; Jordan v. Bank, 74 New York, 457; Bank of Chicago v. Bank of Grand Rapids, 68 Illinois, 398.

A set-off is in substance a cross action, and a cross demand must be complete when the action was instituted: Pennell v. Grubb, 1 Harris, 552.

A set-off can only be made of a debt or demand which existed at the time of the commencement of the suit: Roig v. Tim, 7 Out., 115; Huling v. Hugg, 1 W. & S., 418.

A claim in order to be a matter of set-off, must be a subsisting debt, due at the date of plaintiff's suit, and upon which an action might then be sustained: Varney v. Brewster, 14 New Hamp., 49, 54.

A party cannot avail himself of a matter as a set-off, unless it is a subsisting cause of action in his favor: Ryan v. Barger, 16 Illinois, 28.

A present liability and a future liability cannot be set off against each other: In Re Commercial Bank Co., L. R., 1 Ch. Ap., 538, 543.

A bank has not a right to retain the balance of a customer's deposit to pay or apply upon an indebtedness of the customer to the bank which is not yet due: Jordan v Bank, 74 N. Y., 467; Bank v. Bank, 68 Illinois, 398.

Mr. Justice PAXSON delivered the opinion of the court Oct. 4th, 1886.

This case is ruled by Dougherty v. The Bank, 93 Penn. St., 227. The facts of that case are upon all fours with this. There is no substantial difference between them. It is true, in the case in hand, there was an assignment for the benefit of creditors after the discount and 'before the withdrawal of the credit. But the assignee has no higher standing than his assignor. Had a check been drawn against the fund produced by the discount, prior to the withdrawal of the credit such check would have been good in the hands of a *bona fide* holder for value. But there was nothing of the kind here. The rights of third parties have not intervened. We have the case of a man who procures a discount at a bank one day and makes an assignment for the benefit of his creditors the next morning. He was insolvent when he procured the discount. The note which he gave the bank was a worthless

[Lowry's Appeal.]

thing, and he knew it when he offered it to the bank. There was an utter failure of this consideration; the bank received nothing for the credit which it gave him. When it learned next morning of his insolvency the bank withdrew the credit and tendered him back the note. It is conceded that if the rights of third parties had intervened the case would have been different. So it would have been had the bank paid over the money to Shank, or upon his order. But as between the parties the bank had the right to withdraw the credit to Shank. The cases cited in the opinion of the court below, and by the learned counsel for the plaintiff in error are good law, but they have no application to this case. We need not repeat what was said in Dougherty v. The Bank.

The judgment is reversed and a *venire facias de novo* awarded.