FIRST NATIONAL BANK OF MONROE *v.* WILLS CREEK COAL CO.

BILLS AND NOTES—DISCOUNT BEFORE ACCEPTANCE—BONA FIDE HOLDER.

A bank is not, as to an accommodation acceptor, a *bona fide* holder of a draft which it discounted prior to its acceptance, unless, at the time the acceptance was secured, it parted with value in reliance thereon; and evidence that the proceeds were paid or credited to the drawer conditionally only is insufficient to establish that fact, in the absence of a showing that, when the acceptance was received, the drawer in fact had a credit on the books of the bank against which the amount of the draft could have been charged.

Error to Wayne; Donovan, J.   Submitted June 18, 1896.   Decided July 28, 1896.

*Assumpsit* by the First National Bank of Monroe against the Wills Creek Coal Company upon a draft discounted before acceptance.    From a judgment for plaintiff, defendant brings error.    Reversed.

*Malcolm McGregor*, for appellant.

*Dickinson, Thurber & Stevenson* and *Charles Warren*, for appellee.

MONTGOMERY, J.    Action on an accepted draft drawn by the Monroe Manufacturing Company on defendant, and discounted by the plaintiff bank before acceptance. There was testimony tending to show that the acceptance was for the accommodation of the drawer; that the acceptance was made by the bookkeeper, who had no authority to accept drafts for the company, and without any consideration passing to the company. Plaintiff, however, claimed that it was a *bona fide* holder, and that the action of the bookkeeper in accepting the draft was fully ratified by the defendant's vice president, who had general authority to accept drafts. The question of ratification was submitted to the jury, under instructions which appear unobjectionable, and was found in the affirmative.

Even if the acceptance of the draft was ratified, if it was for the accommodation of the drawer, a recovery could be justified only upon a finding that the plaintiff was a *bona fide* holder; and it is contended by the defendant that the evidence failed to show that the bank parted with value on the strength of the acceptance.

The testimony given upon this point was by Gen. Spaulding, the president of the bank. He testified, in substance, that the draft was discounted before acceptance, and sent forward to the bank's correspondent in Detroit, for acceptance and return; that it was returned, bearing the indorsement—

"Accepted by the Wills Creek Coal Co.
                              "B. F. BERRY,
                                   "Vice President."

On cross-examination he testified that he was not able to state whether the money was paid on the draft, or whether it was credited to the account of the Monroe

Manufacturing Company, and that he discounted it relying upon the Wills Creek Coal Company, because he did not presume that the Monroe Manufacturing Company would draw against the Wills Creek Coal Company unless they were indebted. On redirect examination, he was asked to state what the arrangement was with the Monroe Manufacturing Company in regard to what should be done with the proceeds of this draft if it was not accepted by the Wills Creek Coal Company. The answer was as follows:

"The instructions to those in the bank under me were that if paper was sent for acceptance, and acceptance refused, the amount would be charged right back to the account of the drawer.

"*The Court:* So that it was a conditional credit?

"*A.* Yes, sir.

"*Q.* Depending upon the indorsement?

"*A.* Yes, sir; entirely."

There was no testimony as to whether the Monroe Manufacturing Company had funds in the bank against which this draft could have been charged, after the discount of the same.

The court charged:

"If you believe the testimony of Gen. Spaulding that the First National Bank of Monroe discounted the draft in suit upon the condition that the acceptance of the Wills Creek Coal Company should be obtained, and reserved the right to charge the proceeds back against the Monroe Manufacturing Company in case the acceptance of the Wills Creek Coal Company should not be obtained, then I charge you that the bank would be a *bona fide* holder of the paper, and would be entitled to recover; that is, if they relied upon that, other things being duly authorized, and if they relied upon that, they would be entitled to recover, if the paper appeared regular on its face, was taken in the ordinary course of business, was taken [accepted] by some one authorized by the Wills Creek Coal Company, either expressly or by ratification, growing out of the acts of the vice president and

110 MICH.—29.

general manager of the company, or arising from a course of conduct pursued by the vice president and general manager of the defendant company, having knowledge that the paper had been accepted by the bookkeeper of the company."

It will be noted that the testimony of Gen. Spaulding does not show that there was any agreement between the parties to charge back the amount of the draft, nor do we think that this would be essential, if, in fact, there was a credit on the books of the bank which would have enabled the bank to do so. But there was no such evidence, nor does the instruction make the right to recover depend upon any such fact. Under these circumstances, the instruction was erroneous. Unless, when the acceptance came to the bank, it had funds in its hands which it released or failed to withhold from the drawer, the Monroe Manufacturing Company, because of the acceptance, the bank did not part with value in reliance on the acceptance, in such sense as to constitute it a *bona fide* holder. *Farmers' & Mechanics' Bank* v. *Empire Stone Dressing Co.*, 5 Bosw. 275.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.