[Alabama Grocery Co. v. 1st National Bank of Ensley.]

grounds stated. It is not necessary that the plea should show an eviction. "The covenant of warranty of title in a deed of conveyance is broken as soon as made, if there is a superior outstanding title, or an incumbrance diminishing the value of the enjoyment."—*Sayre v. Sheffield Co.,* 106 Ala. 441, 18 South 101; *Copeland v. McAdory,* 100 Ala. 553, 13 South. 545.

There are other assignments of error; but the views we have taken render it unnecessary to consider them, as the questions are such as are not likely to arise on another trial.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, MCCLELLAN, MAYFIELD, and SAYRE, JJ., concur.

# Alabama Grocery Co., *v.* 1st National Bank of Ensley.

## *Assumpsit.*

(Decided June 30, 1908. Rehearing denied Jan. 14, 1909. 48 South. 340.)

1. *Pleading; Replication; Departure.*—Where the plaintiff declared on bill of exchange as the payee thereof, replication to defendant's plea setting up that plaintiff purchased the bill after its acceptance, are demurrable as for a departure.

2. *Bills and Notes; Bona Fide Holder; Banks.*—Where a bank discounts paper for a depositor and gives him credit for the proceeds, it is not such a bona fide holder for value as to be protected against the infirmities in the paper, unless some other consideration passes; such transaction merely creates the relation of debtor and creditor between the banks and depositor, and so long as that relation continues and the deposit is not withdrawn, the bank is subject to the equities of the prior parties, though the paper is taken before maturity and without notice.

[Alabama Grocery Co. v. 1st National Bank of Ensley.]

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Assumpsit by the 1st National Bank of Ensley against the Alabama Grocery Company, on a bill of exchange. From a judgment for plaintiff defendant appeals. Reversed and remanded.

COOPER & FOSTER, for appellant. A corporation has no authority to endorse commercial paper for the accommodation of another unless such authority is conferred by the charter.—*Chambers v. Faulkner*, 65 Ala. 448; *Steiner v. Steiner L. Co.*, 120 Ala. 128; *S. B. & L. Asso. v. Cassa Grand Theatre Co.*, 128 Ala. 624. The court erred in its rulings on the pleadings under the facts in this case.—*Noble v. Walker*, 32 Ala. 459.

R. E. SMITH, for appellee. When acceptance is once made and the bill delivered to the holder the transaction is complete and the acceptance irrevocable.—40 South. 99. The question of ultra vires is settled against appellant's contention in the case of *Florence Ry. & Imp. Co. v. Chase Nat. Bank*, 106 Ala. 364. The acceptor is liable to the payee of the bill without regard to what the consideration was between the acceptor and the drawer.— *Gresham v. Ragdale, supra,* and cases there cited.

HARALSON, J.—Action on bill of exchange drawn by Steel City Produce Company on Alabama Grocery Company, payable to First National Bank of Ensley (plaintiff) and accepted by Alabama Grocery Company (defendant).

The defendant in the court below (appellant here) filed three special pleas, numbered 2, 3 and 4, setting up that it was a corporation, that the acceptance of the bill by it was for the accommodation of the drawee, and that such acceptance was ultra vires; and, further, that

[Alabama Grocery Co. v. 1st National Bank of Ensley.]

there was no consideration for the acceptance. To these special pleas, the plaintiff (the bank), in addition to the general replication, filed two special replications, setting up that it purchased the bill of exchange for value of the drawer, without notice that the acceptance was for the accommodation of the drawer. Demurrers were interposed to these special replications on the ground of departure, and overruled. In this the court was in error .

The plaintiff in its complaint, declared on the bill of exchange as payee of one of the parties thereto. It was not good pleading to set up in the replication that it purchased the same after acceptance. The pleader probably intended to claim that plaintiff was a bona fide holder for value without notice.

The bill of exceptions purports to set out all of the evidence, and the court gave the general affirmative charge for the plaintiff, evidently on the theory that plaintiff proved his special replications. One of the material allegations of the replications was, that plaintiff paid value to the drawer. The only evidence on this point was that of the witness Du Bose, the president of the plaintiff, who testified that "being notified by the Bank of Huntsville that said bill of exchange had been accepted by the defendant, he, for the plaintiff, gave credit for the amount of the same to said Steel City Produce Company, who kept a regular account at plaintiff bank; * * * that he either paid the cash to the said drawer or placed the amount of said bill to the credit of the drawer. His best recollection was that he placed it to the credit of the drawer, subject to be checked out." For all that appears, the money may have been in plaintiff's bank at the time of the trial.

10—8

[Alabama Grocery Co. v. 1st National Bank of Ensley.]

Where a bank discounts paper for a depositor who is not in its debt, and gives him credit upon its books for the proceeds of said paper, it is not a bona fide holder for value, so as to be protected against infirmities in the paper, unless in addition to the mere fact of crediting the depositor with the proceeds of the paper, some other and valuble consideration passes. Such a transaction simply creates the relation of debtor and creditor between the bank and the depositor; and so long as that relation continues, and the deposit is not drawn out, the bank is held subject to the equities of the prior parites, even though the paper has been taken before maturity and without notice.—*Central National Bank v. Valentine,* 18 Hun (N. Y.) 417; *Manufacturers' National Bank v. Newell,* 71 Wis. 309, 37 N. Y. 420; *Bank v. Huver,* 114 Pa. 216, 6 Atl. 141; *Dougherty v. Central National Bank,* 93 Pa. 227, 39 Am. Rep. 750; *Dresser v. Missouri, etc., Co.,* 93 U. S. 92, 23 L. Ed. 815; *First National Bank v. Nelson,* 105 Ala. 180, 16 South. 707.

The court erred in giving the affirmative charge for the plaintiff, and under the pleadings and evidence should have given the affirmative charge for the defendant.—*Noble v. Walker,* 32 Ala. 459.

Reversed and remanded.

DOWDELL, DENSON, and McCLELLAN, JJ., concur.