PRICE BROKERAGE COMPANY, Respondent, v. HANS RUSHFELDT, Defendant; BANK OF HAWLEY, Interpleader, Appellant.

Kansas City Court of Appeals, December 21, 1914.

ACCOUNT: Interpleader: Attachment: Bill of Lading: Deposit: Payment. If a bank buys a draft with bill of lading for a carload of potatoes attached and enters the amount as a credit on the seller's bank account, and pays the money out on checks before an attachment is run against the potatoes, it may interplead and recover the property.

Appeal from Buchanan Circuit Court.—*Hon. Chas. H. Mayer*, Judge.

REVERSED AND REMANDED.

*Spencer & Landis* for appellant.

(1) When the defendant sold the draft with bill of lading attached, to the interpleader, bank, on December 4, 1913, and the bank deposited the money for it to defendant's credit and defendant checked against it, the title to the car of potatoes passed to the bank, and the defendant had no attachable interest in the property, and for that reason the judgment should have been in favor of the interpleader. Hendley v. Globe Ref. Co., 106 Mo. App. 20; Bank v. Milling Co., 163 Mo. App. 135; Grain Co. v. Grain Co., 171 Mo. App. 354; Boyd v. Mercer Co., 174 Mo. App. 431. (2) And it made no difference whether bill of lading was endorsed in writing under the Law Merchant. Scharff v. Meyer, 133 Mo. 428.

*George W. Groves, O. W. Watkins* and *Graham & Silverman* for respondent.

(1) The evidence wholly fails to show that interpleader parted with anything of value at the time

of the deposit of the draft, or at any time thereafter, and therefore interpleader did not become the owner of the draft or the property represented by the bill of lading. McKnight v. Parsons, 113 N. W. 858; Bank v. Newell, 71 Wis. 309; Alabama Grocery Co. v. Bank, 48 So. 340; Drovers Bank v. Blue, 67 N. W. 1105; Thompson v. Bank, 37 L. Ed. 1063; First National Bank v. Coal Co., 68 N. W. 232; Bank v. Rayburn, 163 Fed. 597; Dresser v. Construction Co., 23 L. Ed. 815; Mann v. Bank, 30 Kan. 412.   (2)  The knowledge as to whether any part of the credit extended for the draft was paid out by the bank was peculiarly within its own knowledge, and in the prosecution of its claim it was bound to produce the testimony.   Its failure so to do raises the presumption that such testimony, if produced, would have been unfavorable to it. Schneider v. Maney, 242 Mo. 36; Swinhart v. Railroad, 207 Mo. 434; Fulwider v. Gas Co., 216 Mo. 582.

ELLISON, P. J.—Plaintiff brought an action on account against defendant and sued out an attachment in aid and seized a carload of potatoes shipped to defendant at St. Joseph, Missouri, from Hawley, Minnesota.   The State Bank of Hawley claimed to own the potatoes and filed its interplea in the cause.   Judgment was rendered against the interpleader and it has appealed to this court.

When defendant received the bill of lading, he endorsed it to interpleader and drew a draft on it for $420.   These he delivered to interpleader and the latter at that time entered that sum on its books as a credit to defendant.

It is insisted that as between the attaching plaintiff and the interpleader, the latter had no title to the potatoes for the reason, that while on receipt of the bill of lading and draft from defendant, it entered the amount of the latter on its books as a credit to defend-

ant, it did not pay out any money thereon. And since, on learning the facts as to the attachment, it could charge back the credit, it had paid nothing, and therefore had no right to set up a claim to the property as against plaintiff's attachment. In behalf of this proposition plaintiff cites: Boyd v. Mercer Co., 174 Mo. App. 431; McNight v. Parsons, 136 Iowa, 390; Drovers Bank v. Blue, 110 Mich. 31; First Nat. Bank v. Coal Co., 110 Mich. 447; Bank v. Newell, 71 Wisc. 309; Alabama Groc. Co. v. Bank, 48 So. Rep. 340; Mann v. Bank, 30 Kan. 412.

But the difficulty with plaintiff's position is that its application to this case does not find support in the record. The evidence showed, not only that interpleader placed the amount of the draft to defendant's credit on its bank books, but it had paid out the money on his checks. Defendant testified that he "made out the draft for the amount of the car $420, and attached it to the bill of lading and took it into the bank and got the money on it." It is true that in answer to a question, he said that at the time he transferred it to the bank, the latter "entered it on the book with other cash." But he also testified in answer to the question, "How much money did you get from the bank for the draft," that he got "face value." He then testified that he got the money the day the draft was deposited, by drawing his checks against it. In addition to this, the cashier of the bank was asked, "Has Mr. Rushfeldt *refunded the money received from you* for that draft," and he answered, "He has not." Again the cashier testified that they would hold anyone responsible for converting the potatoes "for the recovery of the money that we *advanced on this draft.*" It is thus made plain that the bank did part with the money called for by the draft and that plaintiff's legal proposition is made inapplicable by the facts.

The case made by the interpleader is this, that in regular order of business, it purchaesd defendant's

draft and attached bill of lading, by entering on its books a credit for the amount and then paying it out on defendant's checks. That operated as a transfer of the title to the property represented by the bill as security for the sum paid. It follows that interpleader should prevail and the judgment will be reversed and the cause remanded that judgment may be entered for the interpleader, sustaining his claim against the property for the amount of the draft and costs. All concur.