# Morris & Blair v. Poillon.

*Action on Promissory Note, by Assignee against Maker.*

1. *Averment of plaintiff's ownership of note.* — In an action on a promissory note, by an assignee, the words, "said note being the property of the plaintiff," are a sufficient averment in the complaint of the plaintiff's ownership, without an averment that it was assigned or transferred to him.

2. *Promissory note payable at specified place ; variance.* — When a promissory note is on its face made negotiable and payable at a specified place, " with the current rate of exchange on New York," it may be described in the complaint as payable generally, and the other words may be omitted. (BRICKELL, J., dissenting.)

3. *When assignee may sue on note.* — The assignee of a promissory note, to whom it has been transferred by the payee, not by indorsement or delivery, but by a separate writing, may maintain an action on it in his own name, whether his title be legal or equitable.

4. *Transfer of note in 1862, between parties in New York, while in hands of Confederate States receiver in Alabama.* — The owner of a promissory note, being a resident citizen of New York, might there lawfully transfer it in the year 1862, to another resident citizen of New York, although the note itself was then in the hands of a sequestration receiver of the Confederate States in Alabama, where the maker lived.

5. *Judgment ; form, and correction of.* — A judgment on verdict for the plaintiff, in an action on a promissory note, should be for the amount ascertained by the verdict, and not for " the damages so assessed ; " but, when the amount of the verdict is shown by the record, this court will correct and affirm the judgment.

6. *Sufficiency of assignments of error.* — An assignment of error in these words, " The court erred as shown in the bill of exceptions," or, " The court erred in each ruling and decision made by it, to which the appellants excepted," is too general and vague to bring it within the requirements of the rule of practice.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. McCALEB WILEY.

This action was brought by C. & A. C. Poillon, against Morris & Blair as late partners. The complaint was in these words : " The plaintiffs claim of the defendants four hundred and twenty-one $\frac{47}{100}$ dollars, due by promissory note made by them on the 11th day of January, 1860, and payable to the order of B. M. & E. A. Whitlock & Co. twelve months after date, with interest thereon ; said note being the property of plaintiffs." The defendants demurred to the complaint, and assigned the following causes of demurrer : " The complaint fails to aver that the writing sued on was indorsed or transferred to the plaintiffs in writing. 2. It fails to aver such ownership in the plaintiffs as would authorize them to sue thereon. 3. It fails to show any right of action in plaintiffs." The court overruled the demurrer, and the defendants then pleaded " the general issue, in short by consent, with

leave to give in evidence any matter of defence not requiring a sworn plea; ",and also a special plea, which was sworn to, denying the plaintiffs' ownership of the note; and issue was joined on both of these pleas.

On the trial, as the bill of exceptions shows, the plaintiffs offered in evidence the note sued on, which was in these words: —

"$421.47.          New York, *January* 11th, 1860.

" Twelve months after date, we, of Clayton, county of Barbour, State of Alabama, promise to pay to the order of B. M. & E. A. Whitlock & Co. four hundred and twenty-one $\frac{47}{100}$ dollars, value received; negotiable and payable at their office in New York, with the current rate of exchange on New York.

"MORRIS & BLAIR."

On this note was the following indorsement: " Pay to the order of John Hardy, Cashier; " which was signed by said B. M. & E. A. Whitlock & Co.; but the words " *John Hardy, Cashier,*" were erased, and the names of *C. & A. C. Poillon* were written in their stead. The defendants objected to the reading of this note to the jury, " because said altered indorsement was not explained, and its execution was not proved, and because said note and indorsement were inadmissible." The court overruled the objections, and the defendants excepted. " The plaintiffs then offered said note and indorsement in evidence, in connection with the following depositions," to wit: the depositions of Henry Commeyer, Oliver W. Dodge, and the two plaintiffs themselves, which were taken on interrogatories. These witnesses testified, substantially, to the following facts: The firm of B. M. & E. A. Whitlock & Co. were merchants in New York, said Commeyer and Dodge being members of the firm with B. M. Whitlock and E. A. Whitlock. Said firm became insolvent in April, 1861, and ceased to do business in March, 1862. The note sued on was given for goods bought from said firm by the defendants, and was transferred by them, on the 20th January, 1862, to the plaintiffs, to whom they were largely indebted. At that time the note was, as they supposed, in the hands of John Hardy, cashier of the Eastern Bank of Alabama, to whom they had, before that time, indorsed it for collection. The transfer or assignment to the plaintiffs was in the following words: —

" In consideration of our indebtedness to C. & A. C. Poillon, and of one dollar to us paid, we hereby transfer, assign, and set over to C. & A. C. Poillon the foregoing note, and all sum or sums of money due, owing upon, or to be collected therefrom; to have and to hold, and to collect the same on account of said indebtedness. New York, January 20th, 1862.

"B. M. & E. A. WHITLOCK & Co."

Above this transfer was written a statement of the defend-

ants' indebtedness to said Whitlock & Co., which was thus described : " To note due Jan. 14, '61, $421.67 ; " and a letter notifying them of the transfer of the note to said C. & A. C. Poillon. The defendants objected to the reading of this assignment to the jury, " because it described a note variant from the one sued on, and because there was no averment in the complaint that the note described in said paper writing was the note sued on." The court overruled the objections, " and permitted said paper writing to be read to the jury, in connection with the depositions explaining the same ; " and the defendants excepted. The defendants afterwards proved by D. M. Seals, who was a receiver under the sequestration acts of the congress of the Confederate States, that he received said note from John Hardy " in the early part of the year 1862," and retained it in his possession, as such receiver, until December, 1865, when he returned it to said Hardy ; and that while it was in his possession, the indorsèment to said Hardy was not erased, and the names of the plaintiffs were not written on it. It was proved, also, that one of the partners in the firm of Whitlock & Co. died in August, 1863, and another in May, 1865.

" This was all the evidence in the case ; and thereupon, after the court had given a general verbal charge to the jury, the defendants requested the court, in writing, to give the following charges," twelve in number, all of which the court gave, except the following :

" 1. If the jury believe, from all the evidence, that on the 20th day of January, 1862, the note sued on was in the possession of John Hardy, at Eufaula, Alabama, or of D. M. Seals, and remained in the possession of said Hardy, or of said Seals as sequestration receiver of the Confederate States, up to the last of the year 1865, then the written conveyance of the note, dated on said 20th day of January, 1862, did not, of itself, prove title to the note in the plaintiffs.

" 2. If the jury believe, from all the evidence, that the note was not indorsed to the plaintiffs before the last of May, 1865, and that two of the partners of the firm of Whitlock & Co. had died prior to that date, then said indorsement did not pass the title to said note to the plaintiffs.

" 3. If the jury believe, from the evidence, that when said note was sent back to New York in the last of the year 1865, or the first of the year 1866, it was indorsed by (?) John Hardy, cashier ; and that the name of said Hardy was stricken out, or erased, and the plaintiffs' name inserted, after they received the note, without authority of said Hardy, or of Whitlock & Co.; then the change of said indorsement made it invalid to pass the title to the plaintiffs, if the jury also be-

lieve that, at the time said indorsement was altered, two members of the firm of Whitlock & Co. were dead.

" 4. Before a party can make a sale of personal property, so as to pass title to the purchaser, the property must either be delivered, or it must be in the power of the vendor to deliver the same; and if the property be beyond the power and control of the vendor, no title will pass to the vendee.

" 12. No person but John Hardy, or Whitlock & Co., or some other person under the authority of said Hardy, or Whitlock & Co., had the right to erase the name of Hardy, and insert in its place the name of the plaintiffs on said note."

To the refusal of these charges the defendants excepted. The verdict of the jury was, " We, the jury, find for the plaintiffs, and assess their damages at seven hundred and thirty-four dollars and seventy cents;" and the court thereupon rendered the following judgment: " It is therefore considered by the court, that the plaintiffs recover of the defendants the damages so assessed, and also the costs in this behalf expended, for which execution may issue."

The assignments of error are: " 1. The court below erred in overruling the demurrer to the complaint. 2. The court below erred in the judgment rendered by it. 3. The court below erred as shown in the bill of exceptions. 4. The court below erred in each ruling and decision made by it, to which the appellants excepted, as shown in the bill of exceptions."

RICE, CHILTON & JONES, F. M. WOOD, D. M. SEALS, and JOHN A. FOSTER, for appellants.

PUGH & BAKER, with A. H. MERRILL, contra.

PETERS, C. J. — The complaint in this case is in the form prescribed by the Code. It contains a statement of all the matters and facts necessary to show that the plaintiffs, primâ facie, are entitled to recover. It describes the promissory note which is the foundation of the suit, in the manner designated in the form of complaint given in the Code, and it avers that the note is " the property of the plaintiffs." This is enough. Pickens v. Oliver, 29 Ala. 537 ; 26 Ala. 552 ; 36 Ala. 69. The demurrer to the complaint was, therefore, rightfully overruled.

2. The objection to the written contract, offered in evidence by the plaintiffs on the trial below, was not well taken. The promissory note declared on is one payable generally, without the designation of any particular place of payment. The note offered in evidence corresponds to this description, but added to it are these further words : " negotiable and payable at their

[Morris v. Poillon.]

office in New York, with the current rate of exchange on New York." This, it is true, shows a note payable at a particular place. This would have been a fatal variance under the old decisions of this court before the Code. But these are now overturned by the forms of pleading in the Code, and the construction of these forms in the case of *Clark* v. *Moses*, at the present term ; also, *Weaver* v. *Lapsley*, 42 Ala. 601.

3. The ownership of the note sued on was in the plaintiffs, whether their title was legal or equitable. They were the only parties entitled to bring the suit in their own names for its recovery. Rev. Code, § 2523. The evidence offered to show this ownership was competent. If the jury believed it, it was sufficient. The plaintiffs themselves are competent witnesses to show their ownership. Rev. Code, § 2704.

4. The evidence tends to show, that Whitlock & Co., the assignors of the note in suit, and the plaintiffs, the assignees, at the time of the alleged assignment were citizens of the State of New York, and that the assignment was made in the city of New York. Then, though the assignment was made during the late war, there is nothing in this evidence to show that either of the parties was dealing with a public enemy. They were citizens of the same government, dealing with each other at home, and not with the enemy. This is not forbidden. The note was at that time in this State, when its people were in insurrection against the government of the United States. This did not defeat any right in the owner to transfer the note to any other person, who could become its legal owner. The seizure by the receiver of the Confederate States government, then having military control of this State, did not in any way interfere with the owner's right to transfer the note. The Confederate government was a nullity, and the receiver or other agents of that government could not derive any power, except that of mere force, to seize the property of the citizen under its authority. The acts of such agents were wholly void. In law, they were nothing. If the note had been lost to the owners by this interference, the receiver would have been personally liable for the damages which such loss may have occasioned. *Hickman* v. *Jones*, 9 Wall. 197. The acts of the receiver, merely as such, could not have defeated the assignment ; and this, particularly after the note had gone into the hands of the true owners, before suit, as was the case here.

5. The objection to the judgment of the court below is not such as would operate to defeat an affirmance in this court. It should have been rendered for the amount of the verdict and the costs. But the amount of the verdict being shown by the record, the judgment will be corrected here, and affirmed for the proper amount.

6. The other assignments of error are too general and vague to bring them within the requirements of the rule of practice in such a case. This court will not feel itself bound to notice such assignments, unless they are argued at the bar, or pressed and enforced by authorities by the counsel in their brief.

The judgment of the court below will be corrected here by the verdict, and affirmed.

BRICKELL, J. (dissenting.) — A complaint on a promissory note, for the payment of a specified sum, at a particular time, is not supported by evidence of a promissory note, payable and negotiable at a particular place, "with current rate of exchange." The two notes are not the same in legal effect or obligation, and the amount recoverable on each is different. *Pickett* v. *King, Upton & Co.* 2 Ala. 570.