## WALKER v. THOMPSON.

1. BILLS AND NOTES—NEGOTIABILITY—AGREEMENT TO PAY TAXES.
   A note containing a promise to pay a specified amount on a given date, with interest, and all taxes assessed against the land described in a mortgage given to secure such note, or against the mortgagee's interest therein, until the note is paid, is nonnegotiable.

2. SAME—MORTGAGE—ASSIGNMENT.
   In a suit by an assignee to foreclose a mortgage given to secure a nonnegotiable note, it appeared that the note and mortgage were given to raise money to pay off a prior mortgage on the same land, given by the defendants to complainant's assignor, and by him assigned, without the knowledge of the defendants, to a stranger to the suit; that the assignor promised to discharge the prior mortgage, but died without doing so. There was nothing in the record to show that the defendants had any knowledge that the complainant proposed to buy the second mortgage, or that they did any act, or failed to do any act, that caused complainant to make the purchase. *Held*, that the complainant took no other or greater equity by his purchase and assignment than his assignor had.

Appeal from Van Buren; Buck, J. Submitted February 18, 1896. Decided March 24, 1896.

Bill by Peter Walker against Jasper L. Thompson and wife to foreclose a mortgage. From the decree entered, complainant. appeals. Affirmed.

*E. A. Crane* and *Alfred J. Mills*, for complainant.

*Spafford Tryon* (*Heckert & Chandler*, of counsel), for defendants.

MOORE, J.   The complainant commenced proceedings in the court below to foreclose a mortgage for $800 given by defendants to George E. Breck, dated November 24, 1892, and sold and assigned by Breck to complainant on December 5, 1892, for $802. The mortgage was given to secure the payment of an agreement reading as follows:

"$800.00. , PAW PAW, MICH., Nov. 24th, A. D. 1892.

"Five years after date, for value received, I promise to pay to George E. Breck or bearer the principal sum of eight hundred dollars, with interest thereon at the rate of seven per cent. per annum, payable yearly, to wit, on the 24th day of November in each year until due, and at the rate of seven per cent. per annum, payable annually, after due, and to pay all taxes assessed against the real estate and the mortgagee's interest therein, described in the mortgage given to secure this note, until it is paid.

"The several installments of interest aforesaid, for said period, are further evidenced by five interest notes or coupons, of even date herewith. The payment of this note is secured by mortgage, of even date herewith, on real estate described therein, in Keeler, Van Buren county, Michigan. ' No. 1.

"JASPER L. THOMPSON."

The defense interposed was· that in December, 1889, defendants had made to the same George E. Breck a mortgage for $600, which was assigned by Breck, without the knowledge of defendants, to Mrs. Barnes, and that the mortgage which it is sought to foreclose was given to r.iise money to pay the first mortgage and a debt defendants owed to Breck, and that Breck agreed to discharge the mortgage of record; that it was discovered on Breck's

death that the first mortgage never was paid, and it still remains a first lien on the premises.

The circuit judge found the facts as claimed by the defendants, and rendered a decree in favor of the complainant for $187.67. The complainant appeals to this court.

Two important questions in the case are: Was the writing, to secure which the mortgage was made, a negotiable promissory note? Did the complainant, in buying the mortgage, acquire any greater equities than Breck had?

A promissory note is defined by Judge Story to be "a written engagement by one person to pay another person therein named, absolutely and unconditionally, a certain sum of money, at a time specified therein." This definition is quoted with approval in *Cayuga County Nat. Bank* v. *Purdy*, 56 Mich. 7, where there is a discussion of what constitutes negotiable paper. Other cases holding the same doctrine: *Bullock* v. *Taylor*, 39 Mich. 137; *Altman* v. *Rittershofer*, 68 Mich. 287; *Altman* v. *Fowler*, 70 Mich. 57; *Wright* v. *Traver*, 73 Mich. 493; *Second Nat. Bank* v. *Wheeler*, 75 Mich. 546; *Conrad Seipp Brewing Co.* v. *McKittrick*, 86 Mich. 191. We think the instrument in question is not a negotiable note, and that the complainant took no other or greater equity by his purchase and assignment than Breck had, unless other facts are shown by the record which will aid him. Our attention is especially called by counsel for complainant to the case of *Englemann* v. *Reuse*, 61 Mich. 395. The facts disclosed in that case are so different from the facts in the case at issue that it does not aid complainant.

It is urged by complainant that, conceding the note is nonnegotiable, defendants are estopped from making such a defense. Counsel claim ",that, where one of two innocent parties must suffer loss from the fraud or conduct of a third, such loss should fall upon the one, if either, whose

act has enabled such fraud to be committed;" citing *Bloomer* v. *Henderson*, 8 Mich. 395; *Smith* v. *Osborn*, 33 Mich. 413; *Bates* v. *Smith*, 83 Mich. 351; *Zucker* v. *Karpeles*, 88 Mich. 430; and other cases. This contention fails, if it is established, as we have already found, that the instrument is not a negotiable note. *Judge* v. *Vogel*, 38 Mich. 569.

· The complainant also urges that if a mortgagor "stands silently by, and permits the assignee in good faith to pay his money and take an assignment for its full value, he cannot afterwards set up his equitable defense against the claim of the assignee for full payment;" citing 2 Story, Eq. Jur. § 1551. The above is undoubtedly the law, but there is nothing in the record to show that defendants had any knowledge that complainant proposed to buy the mortgage, or did any act, or failed to do any act, that caused complainant to make the purchase.

The decree is affirmed, with costs of both courts.

The other Justices concurred.