[Burton *et al. v.* Dangerfield.]

# Burton *et al. v.* Dangerfield.

### *Action of Trespass on the Case.*

1.  *Action on the case for destruction of landlord's lien; sufficiency of complaint.*—In an action on the case by a landlord against a constable and the sureties on his official bond for having levied an execution on personal property upon which the plaintiff had a lien for rent, and thereby defeated the enforcement of such lien, the complaint which, after averring the facts as above stated. further averred that the property levied upon was owned by the plaintiff's tenant, who was the defendant in the execution, but that said property was upon the leased premises, and the plaintiff had a lien upon the property ` for the security of the rent due and to become due, and that before the property was sold under the execution, he gave notice to the constable of the existence of his lien, but that disregarding said notice, the constable sold the property so levied upon, and thereby defeated the enforcement of the plaintig's lien by a statutory remedy of attachment,—states a good cause of action, and is not subject to demurrer.

2.  *Action to recover damages for wrongful levy of execution; admissibility of evidence.*—In an action by a landlord against a constable and the sureties on his official bond for having levied an execution upon personal property upon which the plaintiff had a landlord's lien, and after being given notice of such lien, sold the property so levied upon, thereby defeating the enforcement of the lien. evidence that the constable was indemnified to make the lien and sale, is admissible.

3.  *Evidence; transcript of official bond admissible.*—A transcript of the official bond of the constable, when duly certified by the Probate Judge. is, under the provisions of the statute, (Code 1861), required to be received in evidence in all courts.

4.  *Contract for the payment of rent; descriptio personae.*—Where in a contract for the payment of rent, a tenant promises to pay the rent to a certain named person "Agent," the word "Agent," is mere descriptio personae, and does not disqualify such person from bringing suit in his own name to recover the rent promised to be paid.

5.  *Rents; when manner of listing property for taxation immaterial in suit to recover rent.*—Where by a contract of lease, the

rent agreed upon is promised to be paid to a certain named person individually, the fact that ' such person listed the property for taxation in his own name as trustee, for another person, does not prevent him from maintaining a suit in his own name.

6. *Action for breach of official bond; fatal variance.*—Where a suit is brought to recover damages resulting from the breach of an official bond and said bond is alleged to have been executed on "August 14th, 1896," by the defendant and four other named persons, and the bond offered in evidence by the plaintiff is executed on August 13th, 1896, by the said defendant and the four other named persons, and one other person, there is a fatal variance between the bond counted upon and the one introduced in evidence, and by reason of such variance, the defendants are entitled to the general affirmative charge.

7. *Action to recover damages for defeating enforcement of landlord's lien; measure of recovery.*—In an action by a landlord against a constable and the sureties on his official bond for the wrongful levy of an execution upon, and the sale of property upon which the plaintiff had a lien, the measure of damages recoverable is the amount of the rent due and that was to become due, and not the value of the property levied upon under the writ of execution.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WM. W. WILKERSON.

This was an action on the case, and was brought by the appellee, R. L. Dangerfield against the appellants, James T. Burton, a constable, and Julius L. Lockwood, Thos. F. Parker, Jr., and T. G. Hewlett, sureties, on the official bond of said Burton, and sought to recover damages for the wrongful levy of an execution by said Burton, as constable, upon, and the sale of, certain property on which it was averred in the complaint the plaintiff had a landlord's lien for rent, by reason of which wrongful acts on the part of said Burton, as was further alleged in the complaint, the official bond of said Burton, as constable, was breached.

The averments of the complaint are sufficiently set forth in the complaint. To the complaint the defendant demurred upon the ground that said complaint did not state a cause of action, and failed to allege any facts which authorized plaintiff to recover in the pres-

cut suit. This demurrer was overruled; and thereupon the plaintiff pleaded the general issue.

J. K. P. Lacey who was the defendant in the execution, and who was a tenant of the plaintiff, was introduced as a witness, and testified that he rented the premises in question from "R. L. Dangerfield, Agent," and there was introduced in evidence a written contract showing that said Lacey rented said premises from "R. L. Dangerfield, Agent." The witness Lacey also testified that the premises in question were sold to said R. L. Dangerfield as trustee for one Mrs. Norwood, and that the property was so owned at the time he rented it. The witness Lacey was asked on cross-examination by the defendants if he knew who the rents belonged to? The plaintiff objected to this question. The court sustained the objection, and the defendants duly excepted. It was shown by the evidence introduced that the execution was issued upon a judgment which the Alabama Furniture Company had recovered against Lacey on a note containing a waiver of exemptions.

The other facts of the case necessary to an understanding of the decision in the present appeal are sufficiently stated in the opinion.

The written charge which was given by the court at the request of the plaintiff is copied in the opinion.

The defendants, in addition to asking the court to give the general affirmative charge in their behalf, also asked the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (2.) "If the jury believe from the evidence in this case that the plaintiff, R. L. Dangerfield, was only acting as trustee and that the rents belonged to some one else other than the plaintiff, then the jury must find for the defendants."

(C). "I charge the jury that if they believe from the evidence that plaintiff can sue the Alabama Furniture Company to whom the proceeds of sale were paid, then the plaintiff is not entitled to recover in this action."

(D). "The jury cannot find against the defendants if plaintiff has a remedy for the enforcement of his lien against either the alleged property of his tenant or the proceeds of the sale of said goods or property."

[Burton *et al. v.* Dangerfield.]

There were verdict and judgment for the plaintiff, fixing his recovery at $74.00. The defendants appeal, and assign as error the rulings of the trial court that were adverse to them.

JOHN H. MILLER and ESCAR FLOYD, for appellants. In order to maintain an action on the case against one who with notice of a landlord's lien, obtains from the tenant by purchase or otherwise property subject to such lien, it must be shown that defendant has done some act by which the lien is destroyed, or its *proceeds.*—*McCarty v. Roswald & Co.,* 105 Ala. 511; *Scarborough v. Rowe,* 125 Ala. 509; *May v. O'Neal,* 125 Ala. 620; *Hussey v. Peebles,* 55 Ala. 432; *Thompson v. Powell,* 77 Ala. 331; *Powell et al. v. Thompson,* 80 Ala. 51.

It is always allowable to show who is landlord, else tortious attornments could not be prevented.—*Perkerson v. Snodgrass,* 85 Ala. 137; *Tatum et al. v. Hollis,* 132 Ala. 331; *Collier v. Carlisle,* 133 Ala. 478; *Treadwell v. Torbert,* 133 Ala. 504.

The instrument produced must in all respects conform to that described in the declaration, and a *variance* therefrom will be fatal.—*Isbell v. Lewis,* 98 Ala. 550; *Davis v. McWhorter,* 122 Ala. 570; *Phillips v. American Guano Co.,* 110 Ala. 521; *R. R. Co. v. Grabfelder & Co.,* 83 Ala. 201; *Gibson v. Clark,* 132 Ala. 371.

C. B. POWELL, *contra.*—The lien was destroyed by its removal from the rented premises and sale to a purchaser without notice of lien. Burton could make a good title for he had the right to pay off the rent out of the proceeds. This was not a mere conversion as in the case of *Scarborough v. Rowe,* 125 Ala. 509; see also *Hussey v. Peeples,* 53 Ala. 432; *Lavender v. Hall,* 60 Ala. 214; *Lomax v. Legrand,* 60 Ala. 537.

The words "Trustee" after Dangerfield's name was merely *descriptio personæ* and Dangerfield was appellant landlord, that is, he was the landlord of Lacey,

[Burton *et al. v.* Dangerfield.]

through whom Burton claimed. But if Dangerfield had been either trustee or agent, and the contract was made in his own name as such, he is the proper party plaintiff. 22d Ency. of Pleading & Prac., 179 and note; *Bumpass v. Richardson,* 1 Stew. 16; *Newbold v. Wilson,* Minor 12; *Castleberry v. Fennell,* 4 Ala. 642; *Bird v. Daniel,* 9 Ala. 302; *Goodman v. Walker,* 30 Ala. 482; *Bancroft v. Payne,* 15 Ala. 834.

HARALSON, J.—The action is in case against the defendant, on his official bond, for having levied an execution on personal property of the plaintiff who was landlord of the defendant in execution, and who claimed a lien upon the property for rents due and to become due by the tenant, of which lien the plaintiff gave notice to the constable; but that the constable, by virtue of his office, disregarding said notice, proceeded and sold and disposed of the property so levied on, and the same was purchased by a third person, and thereby the defendant hindered and delayed the plaintiff in the collection of his rents as stated in the complaint. The rent due at the date of the levy as stated in the complaint, was $35, and that to become due under the rent contract was $25, making the sum of $60 claimed as due and to become due under said contract, which sum the plaintiff claimed as the amount of damage he suffered by virtue of said levy and sale. The complaint cannot be treated as one in trover for the conversion of the property by the constable, but, as stated, is one in case, for interference with and destruction of plaintiff's lien for rents, by which he suffered special damage to the amount stated.

The demurrer to the complaint was properly overruled. It averred that the property was owned by the tenant, Lacey, the defendant in execution; that he was the tenant of the plaintiff, under a contract with him to pay the plaintiff for the rent of the premises; that he, the plaintiff, had a lien on the goods levied on for the security of the rent in the amount specified in the complaint, and that before the sale, he gave notice to the defendant, Burton, that he had a lien on the property levied on for the payment of said rent. The lien arose under

[Burton *et al. v.* Dangerfield.]

Section 2716 of the Code of 1896, and it is well settled that an action in case lies by the landlord against any one, who with notice of such lien, removes or converts the goods and effects on which the lien exists, so as to defeat or obstruct the enforcement of such lien by the statutory remedy of attachment.—*Thompson v. Powell,* 77 Ala. 392; *Couch v. Davidson,* 109 Ala. 314; *Hussey v. Peebles,* 53 Ala. 432.

There was no error in allowing evidence, that the constable was indemnified to make the levy and sale. This evidence tended to show, that he made the levy and sale with notice of the lien, a fact within the issue on which the case was tried.

Nor was there error in allowing a transcript of the official bond of the constable, which was sued on, to be introduced in evidence. It was payable to the state, as required by Section 3070 of the Code, and was approved by the judge of probate and recorded in his office as required by Section 974 of the Code. By Section 1816, a transcript of a bond, when duly certified by the probate judge, as this one was, is required to be received in evidence in all courts.—*Barnett v. Wilson,* 132 Ala. 375.

There was no error in refusing to allow the witness, Lacy, to testify to whom the rents belonged. His contract was to pay plaintiff. The word *agent* affixed to his name as payee of the rents, did not disqualify the plaintiff to sue in his own name for the rents. The word was mere *descriptio personae.*—*Goodman v. Walker,* 30 Ala. 482; *Lucas v. Pittman,* 94 Ala. 616.

The fact that the plaintiff listed the property for taxation in the years 1899, 1900, as trustee for Mrs. Norwood was properly excluded. That fact did not prevent him from maintaining the suit in his own name, under the contract with him individually.

The defendants requested the general charge. The bond sued on purported to have been executed by the constable, with the other defendants,—J. L. Lockwood, Thomas F. Parker, Jr., and T. G. Hewlett, as sureties thereon. It was alleged to have been executed on the 14th of August, 1896. The bond offered in evidence was executed on the 13th of August, 1896, by the constable

[Burton *et al. v.* Dangerfield.]

and the defendants above named, and by R. Warnock. The defendant insists on these alleged variances, against the introduction of the evidence, and that the general charge requested by him was sufficient to raise the question. This charge did properly raise the question of variance. The bond described in the complaint, is not the one offered in evidence. The general charge should have been given, because of this variance.—*New York Life Ins. Co. v. McPherson,* 33 South. 825.

There was no error in refusing the other charges requested by the defendant.

The court, at the request of the plaintiff, charged: "If the jury believe the evidence, they will find for the plaintiff and assess his damages to the amount of the value of the property taken under the writ of execution by defendant, J. T. Burton." The evidence tended to show, that the property levied on was worth $70. The complaint avers, that at the time of the removal of the property levied on, there was due plaintiff from his tenant Lacy, the sum of $35, as rent for the dwelling house, and that there would become due to him the further sum of $25 as rent on the recent contract, making $60 in all, for which he claimed a lien on the property levied on and sold, and which he was prevented thereby from enforcing. This was the extent of his damage as laid. The suit was in case to recover this damage. Under the charge of the court, the jury found for plaintiff and assessed his damage at $70, the value of the property. If it had been worth $500 or other sum larger than the amount of the rent, a recovery, according to the principle contained in the charge, might have been for such value. The jury should have been instructed, that in no event, could they find for a larger sum than the amount that plaintiff was shown to have been damaged by the interference with his lien. There was no question of exemplary damages in the case.

For the errors indicated the judgment must be reversed.

Reversed and remanded.