# A. Dreher & Co., *et al. v.* National Surety Co., *et al.*

## Breach of Bond.

(Decided December 21, 1911.   57 South. 34.)

1. *Bills and Notes; Real Party at Interest.*—Under section 2489, Code 1907, a beneficial owner of a negotiable instrument may sue thereon, but when he does he should allege how or in what manner he became such owner.

2. *Same; Action; Requisite.*—Where a trustee in bankrputcy sued on a bond executed by the bankrupts and sureties to the creditors of the bankrupt, the complaint was demurrable, if it failed to aver that the trustee was the beneficial owner of the bond, or that the bond was made for the benefit of the estate of the bankrupt; the rule being that on demurrer, complaint must be plain, positive and specific, and not dependent on more inferences to ascertain the right to recover.

3. *Bankruptcy; Action by Trustee; Complaint; Requisites.*— Where the suit is on a bond given by a principal and surety conditioned on the prosecution of an appeal to effect, a complaint which alleges that the creditors named in the bond as obligees sue for the benefit of the trustees in bankruptcy of the principal, who had become a bankrupt since the giving of the bond, and that the bankrupt estate and the creditors incurred liability for attorney's fees and expenses on account of the appeal, and that the same has not been paid, but which fails to allege that the bond was made for the benefit of the estate, is subject to demurrer, although the creditors are, under the Bankruptcy Act, entitled to attorney's fees from the estate incurred in the litigation, as the estate of the bankrupt cannot be declared to be the beneficial owners of the bond, simply because it may be liable to the creditors for attorney's fees.

4. *Pleading; Defects; Remedy.*—Where a complaint states a cause of action and a right of recovery, though only for nominal damages, defects therein on account of the fact that it contains claims for unrecoverable damages, are properly reached by motion to strike such claim rather than by demurrer.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by A. S. Cowan, as trustee in bankruptcy, against the National Surety Company and others for breach of a bond given to A. Dreher & Co. and others. From a judgment for defendants, plaintiff appeals. Affirmed.

The complaint was as follows: "Plaintiff, A. S. Cowan, suing in his capacity as trustee in bankruptcy of the estate of T. A. Moore, H. C. Moore, and Moore Bros., claims of the defendant the National Surety Company, a corporation, and T. A. Moore and H. C. Moore, the sum of $6,500, for the breach of a condition of the bond made by the defendant and others on, to wit, the 9th day of December, 1908, which said bond was in words and figures as follows: [Here follows bond, executed by T. A. and H. C. Moore, and Moore Bros., a partnership composed of T. H. and H. C. Moore, as principals, and J. M. Robinson, Norton & Co., James R. Duffin, and the National Surety Company as sureties, to A. Dreher & Co. and certain other creditors of the bankrupt firm, in the sum of $6,500, given as an appeal bond to reverse a judgment decreeing the firm and the individuals as bankrupts, with the condition that the said principals shall prosecute said writ of error to effect and answer all damages in part if they fail to make their pleas good]—and which said bond was executed by Moore Bros. and T. A. and H. C. Moore, and the sureties therein named; and the plaintiffs aver that the condition of said bond has been broken, in this, to wit, on the 16th day of May, 1910, the writ of error referred to in said bond was decided by the United States Court of Appeals for the Fifth Circuit adversely to plaintiffs in error, and that the plaintiff herein is the trustee in bankruptcy of the estate of said bankrupt mentioned in said bond, and the said plaintiffs in error and their bondsmen have failed to answer for all damages and costs sustained by the bankrupt estate by reason of a suing out and prosecuting said writ of error." Demurrer 2 to the count was as follows: "It shows that the obligees in said bond are persons other than the plaintiff."

In the second count the creditors named in the bond are substituted as the plaintiffs, suing for the use and benefit of A. S. Cowan, as trustee in bankruptcy of the estate of H. C. and T. A. Moore and Moore Bros., bankrupts. The complaint from there down is like the first count, with additional allegations following the last words in the first count as follows: "In that in the defense of said writ of error the said bankrupt estate or said petitioning creditors incurred liability for attorney's fees and expenses in and about said defense, for which said bankrupt estate is liable, and which has not been paid, and which said fees and expenses are within said amount claimed above; hence this suit. And plaintiff further avers that said A. S. Cowan, as trustee aforesaid, is the beneficial owner of the cause of action here sued on." The fifth ground of demurrer interposed hereto is as follows: "It fails to show that said A. S. Cowan, as trustee, has any right or interest or is in any wise connected with the alleged cause of action.' '

TOMLINSON & MCCULLOUGH, ESTES, JONES & WELCH, and TROTTER & ODELL, for appellant. The costs and damages provided for in said supersedeas bond, including interest and attorneys' fees, are for the benefit of said bankrupt estate.—*Drake v. Webb,* 63 Ala. 596; *Miller v. Vaughan,* 78 Ala. 323; Bankruptcy Act of 1908, Sec. 62 and 64-b-3; Collier on Bankruptcy, 8th Ed., p. 688 and 736. An involuntary petition in bankruptcy praying for the adjudication of the bankrupts is a proceeding in rem, and all persons interested, including "not only the bankrupt and the trustee, but the creditors of the bankrupt, are regarded as parties to the bankruptcy proceedings."—*Carter v. Hobbs,* 1 A. B. R. 224; 92 Fed. 594; *In re Beals,* 8 A. B. R., p. 664; 116

[A. Dreher & Co., et al. v. National Surety Co., et al.]

Fed. 530; *Hanover National Bank v. Moyses,* 8 A. B. R.
1; 186 U. S. 181; Remington on Bankruptcy, Vol. 1,
Sec. 18, p. 34, and authorities there cited.  The bank-
rupt estate being chargeable with the costs and expenses
in defending against said writ of error is entitled to the
costs and damages provided in said supersedeas bond.
—Bankruptcy Act 1908, Sec. 64-b; Collier on Bank-
ruptcy, 8th Ed., p. 724.  The amendment of the com-
plaint by inserting the nominal parties plaintiff is al-
lowable.—*Babcock v. Carter,* 117 Ala. 579.  Attorney's
fees in the appellate court in resisting the writ of error
are recoverable on a supersedeas bond.—*Cahall v. Citi-
zens Mut. Bldg. Assn.,* 74 Ala. 539; *Drake v. Webb,* 63
Ala. 596; *Higgins v. Mansfield,* 62 Ala. 267; *Mills v.
Long,* 58 Ala. 458; *Burton v. Smith,* 49 Ala. 293; *Met-
calf v. Young,* 43 Ala. 643.

LONDON & FITTS, for appellee.  In filing the petition
the five petitioning creditors were acting for themselves,
and in no sense were they representatives or agents of
the other ninety-five creditors.—Sec. 29 B. & F. Bank-
ruptcy Act.  The trustee represents the one hundred
creditors, and is in no sense concerned with the vicissi-
tudes or triumphs of the petitioning creditor, but upon
adjudication being made, the petitioning creditors
stand before the court, and in relation to the trustee
just as all the other unsecured creditors.—142 Fed. 891;
Bankruptcy Act, sec. 6483.  The property of Moore
Bros. followed the events of the suit determinable by
the appeal.  If the status was bankruptcy it vested in
the trustee, if solvency, it remained in Moore Brothers.
—3 Fosters Fed. Pr. 208, 2461, 2471; 2 Sutherlin on
Damages, 1459, et seq.  In the Federal Courts, these
damages for delay, interest and costs, are determined
by the court in the same proceeding in which the bond

is given.—*Pike v. Gregory,* 118 Fed. 128; *Perry v. Tacoma Mill Co.,* 152 Fed. 115; *Woolworth v. N. W. L. I. Co.,* 185 U. S. 354; Rev. Stat. 1010. We submit, therefore, that there was no cause of action for the recovery of attorney's fees, and as the claim was only for attorney's fees, no right of recovery was shown.

ANDERSON, J.—The bond, as set out in the complaint, not being a negotiable instrument, a suit thereupon might, under section 2489 of the Code of 1907, be brought by the beneficial owner; but, where the instrument is set out in the complaint and is made payable to another, the plaintiff who sues as the beneficial owner should aver that he is such owner, and good pleading should suggest that he aver how or in what manner he was or became the beneficial owner.

Count 1 does not aver that Cowan is the beneficial owner, or that the bond was made for the benefit of the estate, and the only theory upon which he can maintain the suit on the bond is by drawing the inference that the bond was made for the benefit of the estate and not the obligees therein named, and complainants, on demurrer, must be plain, positive, and specific, and not dependent upon mere inferences in order to ascertain the plaintiff's right to recover.

Count 1 was subject to the defendants' demurrer No. 2.

Count 2, while in the name of the obligees, is for the use or benefit of Cowan, the trustee of the estate, and who must be considered, under section 2490 of the Code, the sole party on the record. This count is no better as to an averment of interest or ownership than the first one. There is no averment that the estate is the beneficial owner, and to determine that fact we must draw legal inferences, from the status set out, that the bond

was made for the use or benefit of the estate, which we cannot do in order to sustain a complaint on demurrer. There is nothing in the count to indicate that the bond was made to the creditors for the use or benefit of the estate, and, construing the same most strongly against the pleader, the bond was made to the obligees for their own use and benefit, and not as indemnity to the estate. The caption of the complaint does say that the suit is brought for the use and benefit of Cowan as trustee, but there is not a word or syllable in the body of the complaint claiming that Cowan is the beneficial owner, and we are put to legal inferences in order to read such an averment into the complaint, which cannot be resorted to in order to uphold the same against demurrer. The ownership may be averred in general terms (*Burns v. George,* 119 Ala. 504, 24 South. 718); but the ownership of Cowan as trustee, or that he or the estate is the beneficial owner, is not specifically averred in either count of the complaint.

The second count was subject to ground 5 of the demurrer, if not others.

On the other hand, if we should read the bankrupt act into the complaint, and hold that the petitioning creditors would be entitled to attorney's fees from the estate, incurred in having the debtor adjudicated a bankrupt (section 64, subd. 3, Bankruptcy Act [Act July 1, 1898, c. 541, 30 Stat. 562, U. S. Comp. St. 1901, p. 3447] ; Collier on Bankruptcy, 687; *Smith v. Cooper,* 120 Fed. 230, 56 C. C. A. 578, 9 Am. Bankr. Rep. 755; *In re So. Steel Co.,* [D. C.] 169 Fed. 02, 22 Am. Bankr. Rep. 476), yet, it would not necessarily follow that the bond in question was taken for the benefit of the estate, or that the obligees did not rely upon the bond for their attorney's fees and protection rather than the estate. They might be able to get said fees from the estate, but may prefer getting them on the bond and not looking to

[A. Dreher & Co., et al. v. National Surety Co., et al.]

the estate for same. And if they got them on the bond, the estate might resist the payment of said fees a second time; but that is a matter between the petitioning creditors and the estate, and the estate cannot be declared the beneficial owner of the bond, as matter of law, simply because it might be liable to the petitioning creditors for attorney's fees in having the debtor adjudged a bankrupt.

We are also aware of the rule that, where the complaint shows a right to recover, if only for nominal damages, and contains claims for nonrecoverable damages, the defect should be reached by a motion to strike, rather than by a demurrer; but that rule applies where the party who sues is entitled to recover for the breach and the nominal damages, and not to cases where the suit is brought by one who is not the obligee in the contract, or who has no right to sue as for a general breach, and who grounds his whole claim or cause of action upon a certain element of damages growing out of a breach of the bond. Here, the plaintiff Cowan shows no recoverable right as for a breach of the bond, but bases his entire claim or cause of action upon costs and attorney's fees which may be incurred by the estate, and fails to aver that the bond was made as an indemnity to the estate as against this element of damages, or any other facts showing that said estate is entitled to recover said damages so claimed as against these defendants. In other words, the complaint shows no right to recover anything on the bond, by the plaintiff Cowan, nominal or any other damages, and was, of course, subject to demurrer.

The judgment of the city court must be affirmed.
Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.