(77 South. 56)

CAIRNS v. DANIEL. (6 Div. 33.)

(Court of Appeals of Alabama. June 12, 1917. On Rehearing, Nov. 20, 1917.)

1. BILLS AND NOTES ☞467(2) — ACTIONS — PLEADING.

A complaint claiming of defendant a specified amount on notes therein described and alleging that the notes were payable to B., but were the property of the estate of which plaintiff was administratrix, was sufficient.

On Rehearing.

2. BILLS AND NOTES ☞489(7) — ACTIONS — VARIANCE—"NOTE"—"SPECIALTY."

A complaint alleging a cause of action on "notes" therein described was not supported by written instruments whereby the maker promised to pay a specified amount on a certain date providing a building was completed and turned over to him by the payee within 30 days from date, since a "note" under commercial law is a written agreement by one person to pay another person therein named absolutely and unconditionally a certain sum of money at a time specified therein, and the instrument in question, being a conditional promise to pay, was a "specialty."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Note; Specialty.]

Appeal from Circuit Court, Jefferson County; E. C. Crow, Judge.

Action by Mrs. Emily T. Daniel, administratrix, against Thomas C. Cairns. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Action by plaintiff against defendant, claiming on promissory notes, in which was a condition. From a judgment for plaintiff, defendant appeals.

Whitaker & Nesbit, of Birmingham, for appellant. Frank S. Andress, of Birmingham, for appellee.

---

THOMAS v. STATE 219

SAMFORD, J. [1] There was but one count in the complaint, in the following words:

"Plaintiff claims of the defendant the sum of $500, due by five notes, each of them made by him on the 30th day of March, 1911, and each payable on November 1, 1911, with interest thereon. Said notes were payable to C. W. Brown, but are now the property of the estate of said F. B. Daniel, deceased.",

This count was demurred to, and the demurrers were overruled. The count was sufficient to meet the objections raised. Clark v. Moses, 50 Ala. 326; Morris v. Poillon, 50 Ala. 403. The case of Dreher & Co. v. National Surety Co., 174 Ala. 490, 57 South. 34, and other citations in appellant's brief do not change this rule. The defendant then pleaded the general issue.

To prove the complaint the plaintiff introduced in evidence five conditional obligations, in the following words and figures, to wit:

"$100.00.    Birmingham, Ala., March 30, 1911.

"Nov. 1, 1911, after date, I promise to pay to the order of C. W. Brown one hundred dollars, providing the building on the N. W. Cor. of 3rd Ave. & 17 St. is completed and turned over by the said C. W. Brown to the undersigned on or before 30 days from date value received.                    Thomas C. Cairns."

To the introduction of these conditional obligations the defendant duly and legally reserved exception. The instruments should have been excluded. The variance between the notes sued on and the conditional obligations introduced was fatal. It therefore follows, as there was but one count, and the foregoing were the only notes offered, that the affirmative charge, as requested by the defendant, should have been given.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

On Rehearing.

[2] A note, under commercial law, is "a written agreement by one person to pay another person therein named, absolutely and unconditionally, a certain sum of money, at a time specified therein." Story, Prom. N. 1, § 1; Walker v Thompson, 108 Mich. 686, 66 N. W. 584; 7 Cyc. 532. The instrument offered in evidence was a conditional promise to pay, and therefore "a specialty," and its introduction in evidence did not support the complaint. Phillips v. American Guano Co., 110 Ala. 521, 18 South. 104; Burton v. Dangerfield, 141 Ala. 285, 37 South. 350.

The application is overruled.

Application overruled.