(85 South. 271)

## CLAYTON v. BANK OF EAST CHATTANOOGA. (7 Div. 15.)

(Supreme Court of Alabama. Feb. 5, 1920.)

**1. Bills and notes ☞467(1)—When complaint alleging ownership need not allege indorsement.**

A complaint on a promissory note, not shown to be commercial paper, or which in terms or by indorsement is payable to bearer, need not allege that the payee indorsed it to the holder, and a simple allegation that it is the property of the plaintiff is sufficient; for, although good pleading should suggest that he also aver how or in what manner he was or became the beneficial owner, this is not essential.

**2. Bills and notes ☞467(1)—When indorsement of note must be alleged.**

When the instrument sued on is in terms payable to order, it must be alleged that the payee has indorsed the note, in order to show that he has parted with the legal title; and such an allegation, coupled with an allegation of plaintiff's ownership, is sufficient to withstand demurrer.

**3. Bills and notes ☞489(6)—Replication not denying fraud in inception admits it.**

Where, in action on note, defendant pleaded fraud and want of consideration, to which plaintiff pleaded only a special replication, alleging bona fide purchase, without general denial of the pleas, they were confessed by the replication, so that defendant was not required to prove them; but it was incumbent on plaintiff to establish its bona fide purchase.

**4. Bills and notes ☞151, 356—Certificate of deposit not necessarily "negotiable instrument"; giving credit not payment of value for note.**

Bona fide purchase of a note by a bank is not established by the fact that the bank gave a certificate of deposit for the note, unless the certificate was paid in whole or in part, or was a negotiable instrument and still outstanding as a liability on the bank; for a certificate of deposit is not ipso facto a negotiable instrument, but, to be such, must be payable to order or bearer, as prescribed by Code 1907, § 5131.

[Ed. Note.—For other definitions. see Words and Phrases, First and Second Series, Negotiable Instrument.]

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Assumpsit by the Bank of East Chattanooga against O. W. Clayton. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 1 is as follows:

The plaintiff claims of the defendant the sum of $1,000 due from him by promissory notes made by him on January 18, 1917, and due and payable 12 months from date, with interest thereon from date. And plaintiff avers that in the execution of said note the defendant agreed to pay a reasonable attorney's fee, if said note were not paid when due. Plaintiff further avers that said note was not paid when due, and plaintiff hereby claims the sum of $150 as a reasonable attorney's fee. Plaintiff is now owner of said note.

Count 2 is as follows:

The plaintiff claims of the defendant the other and further sum of $1,000 due from him by instrument in writing made payable to himself or order and indorsed by him, which said instrument is now the property of the plaintiff, and is in words and figures as follows, to wit:

"$1,000.00      Sylvania, Ala., Jan. 18, 1917.

"Twelve months after date I promise to pay to myself, or order, one thousand dollars and no/100 dollars, for value received, with interest at the legal rate per annum from date until paid, with reasonable attorney's fee for collection, if not paid when due. The drawers and indorsers severally waive presentment for payment, protest, and notice of protest and nonpayment of this note. Negotiable and payable at De Kalb County Bank, Ft. Payne, Ala.

"[Signed] O. W. Clayton."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

And plaintiff avers that there is due and payable to it from defendant said sum of $1,000, together with the interest thereon from the date of said instrument, and a reasonable attorney's fee, which is hereby claimed; and plaintiff avers that $150 is reasonable attorney's fee on said instrument.

The pleas set up that the notes were given for stock at par value in a certain corporation, with an agreement that drugs and other things would be sold in the county of defendant's residence, that he would. get a commission thereon, which would be credited on the note, but that the corporation was insolvent at the time, and failed to keep its agreement, and never attempted to do so, and other matters not deemed necessary to be here set out.

Isbell, Scott & Downer, of Ft. Payne, for appellant.

The court erred in overruling demurrers to the complaint. 40 South. 656. Section 2489, Code 1907, and authorities there cited. There was no general traverse of the pleas, and the burden was on the plaintiff to prove the replication. 9 Ala. App. 352, 63 South. 741. There was no proof of value paid for the note. 9 Ala. App. 352, 63 South. 741.

Hunt & Wolfes, of Ft. Payne, for appellee.

Valuable consideration was shown for the note. 189 Ala. 418, 66 South. 509; 16 Ala. App. 101, 75 South. 695; 97 Ala. 100, 13 South. 125; 7 Corpus Juris, 646. The appellee was entitled to the general charge, and any error was without injury. 128 Ala. 634, 30 South. 580; 125 Ala. 542, 28 South. 85. The complaint was not subject to the demurrers. 196 Ala. 275, 72 South. 127; 199 Ala. 596, 75 South. 172; 50 Ala. 403; ,195 Ala. 77, 70 South. 686; section 5006, Code 1907.

SOMERVILLE, J. [1] A complaint on a promissory note, not shown to be commercial paper, or which in terms, or by indorsement, is payable to bearer, need not allege that the payee indorsed it to the holder, and a simple allegation that it is the property of the plaintiff is sufficient. Sample v. T. V. Bank, 76 South. 936;[1] Clark v. Moses, 50 Ala. 326; Morris v. Poillon, 50 Ala. 403; Nesbitt v. Pearson, 33 Ala. 668. Although it was stated in Dreher v. National Surety Co., 174 Ala. 490, 57 South. 34, that "good pleading should suggest that he [also] aver how or in what manner he was or became the beneficial owner," this has never been held as essential. Count 1 was not subject to demurrer.

[2] But when the instrument is in terms payable to order, it must be alleged that the payee has indorsed the note, in order to show that he has parted with the legal title. Young v. Woodliff-Dunlap Fur. Co., 147 Ala.

686, 40 South. 656.[2] Such an allegation, coupled with an allegation that plaintiff is the owner of the note, is sufficient as against demurrer. The prima facie effect of such a declaration is that the note has become payable to bearer, and that the plaintiff is the holder. Count 2 met these requirements, and was not subject to the demurrer interposed.

[3] To defendant's pleas of fraud and want of consideration plaintiff pleaded only a special replication that it was a bona fide purchaser for value in due course. There being no general denial of the pleas, they were confessed by the replication, and proof of them by defendant could not be required. Ger.-Am. National Bank v. Lewis, 9 Ala. App. 352, 63 South. 741. It was therefore incumbent upon plaintiff to establish its replication, viz. that it purchased the note for value.

[4] The trial judge' instructed the jury that if plaintiff, under the circumstances shown in evidence, "bought the note by giving Hudson or his company [the first holder and transferor] credit for it; then * * * this note will have to be paid." This part of the oral charge was duly excepted to by defendant, and is assigned for error.

The only evidence as to plaintiff's payment of value for the note is found in the testimony of its cashier, Poole, that he bought the note for $980 from Hudson, by giving to him "a certificate of deposit for the note." It does not appear whether it was certificate of present deposit, or a time certificate, or whether it was negotiable, or whether the fund represented, or any part of it, has ever been paid out by the plaintiff bank. The trial court interpreted this testimony as meaning (as it may well have meant) that plaintiff bank gave Hudson a credit on account for $980, and this interpretation was apparently acquiesced in by both parties. The instruction was erroneous and prejudicial, and must work a reversal of the judgment. Sherrill v. Merchants' Bank, 195 Ala. 175, 70 South. 723; Ala. Grocery Co. v. First National Bank, 158 Ala. 143, 48 South. 340, 132 Am. St. Rep. 18; Armstrong v. Walker, 200 Ala. 364, 76 South. 280. In the last-cited case it was said:

"According to the evidence, the German Bank gave * * * certificate of deposit for the notes of the defendant. It does not appear from the evidence that this certificate of deposit was ever paid. If no part of the deposit attested by the certificate has ever been paid, then the bank did not part with value so as to constitute it a bona fide holder."

Counsel for appellee rely upon the cases of Elmore Bank v. Avant, 189 Ala. 418, 66 South. 509, and Neill v. Central National

1 200 Ala. 578.
204 ALA.—5

2 Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in the Alabama Reports.

Bank, 201 Ala. 297, 78 South. 73. In the former case it appeared that the certificate of deposit was an interest-bearing time certificate, negotiable in form, and that it was promptly negotiated by the holder, and afterwards paid by the bank. In the latter case it also appeared that the certificate was an interest-bearing time certificate, and an examination of the original record shows that it was negotiable in form, and was actually paid by the bank. The instant case, therefore, does not come within the principle of those decisions.

A certificate of deposit is not ipso facto a negotiable instrument. Renfro Bros. v. M. & N. Bank, 83 Ala. 425, 3 South. 776; 7 Corp. Jur. 648, § 340. To be such it must be payable to order or bearer, as prescribed by the statute. Code, § 5131. In order for the issuance of a certificate of deposit by a discounting bank for the purchase of a note to be effectual as value paid, it must appear either that the certificate has been paid in whole or in part (Armstrong v. Walker, 200 Ala. 364, 76 South. 280), or else that it was a negotiable instrument and still outstanding as a liability upon the bank. See 8 Corp. Jur. 481, § 699, and cases cited in note 73. Under the authorities noted, we are constrained to hold that the evidence did not show that the plaintiff bank paid value for the note in question, and that the trial court was in error in its holding to the contrary. Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes