(88 South. 221)

### Ex parte SOUTH.

### SOUTH v. FIRST NAT. BANK OF FAYETTE. (6 Div. 100.)

(Supreme Court of Alabama. Nov. 11, 1920.)

**1. Subscriptions ⬅➡2—Instrument held a subscription for highway construction.**

The instrument sued on, though in the complaint referred to as a promissory note, and itself referring to the money promised to be paid as a donation, *held* simply a subscription to procure construction of a designated public road.

**2. Bills and notes ⬅➡164—Instrument, payable conditionally, not a promissory note.**

An instrument, being payable conditionally on completion of a highway, is not technically a promissory note.

**3. Appeal and error ⬅➡1061(4)—Refusal of affirmative charge because of variance harmless, in view of other counts.**

All of the counts for recovery of a certain amount being based on the same instrument, and it being set out in some of them, refusal of the affirmative charge for defendant on other counts because of technical variance between them and the proof, the instrument being wrongly designated therein as a promissory note, was harmless.

**4. Subscriptions ⬅➡10—Subscription contracts favored in law.**

Subscription contracts are favored in law, and the tendency of the courts is to adopt such a rule as will sustain them.

**5. Subscriptions ⬅➡5—Consideration need not exist at time of making.**

Consideration need not exist at time of making a subscription, but may be supplied by subsequent conduct of payee or beneficiary, as by payee advancing, as intended, amount of subscription note for construction of road, for which the subscription was made; and this though the payee took a guaranty from others of payment of the note.

**6. Subscriptions ⬅➡21(4)—No need of replication to let in evidence of consideration being supplied by subsequent act.**

Whether or not the principle of estoppel be involved, the plea in action on subscription note having set up want of consideration, no replication is needed to let in proof that consideration was supplied by the payee advancing the amount of the subscription, for the purpose for which subscription was made.

**7. Subscriptions ⬅➡21(5)—Payee may show person inducing subscription was not payee's agent, so that parol understanding did not bind payee.**

To obviate the fastening on the payee of a subscription note of any parol understanding between maker of the note and the person inducing its execution, in derogation of its promise or in enlargement of its condition, the payee may show that such person was not its agent.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Evidence ⚙═397(4), 420(3)—Parol evidence inadmissible to contradict or add conditions to written subscription.**

Parol evidence is inadmissible to contradict or add conditions to written subscription.

**9. Evidence ⚙═419(11)—Rule for showing consideration of written contract by parol does not allow adding conditions.**

The rule which admits parol evidence to show the real consideration for a written contract does not allow use of such evidence to ingraft new and different conditions on the promise.

**10. Evidence ⚙═457—Parol evidence of words "state highway," being used in a written subscription other than in their common sense, inadmissible.**

The words "state highway" in a subscription note providing for payment if there was a completion of a road as a state highway, are to be taken as the phrase was then commonly understood and applied, so that evidence of what kind of a state highway was in the subscriber's mind and purpose is inadmissible.

**11. Evidence ⚙═471(24)—Statement held legal conclusion.**

Statement of witness that he was not benefited by a highway is only a legal conclusion.

**12. Witnesses ⚙═367(1)—Offer held not one to show interest of adversary's witness in result.**

While a party may show that his adversary's witness has an interest in the result in line with his testimony, and so defendant in action on a note could show that plaintiff's witness was contingently liable for the payment of the amount of the note if it was not collected of defendant, his offer to show that witness had agreed to pay plaintiff a certain amount whether or not the note was paid is not one to show interest in the result, within such rule.

**13. Appeal and error ⚙═1048(7)—Exclusion of evidence to show bias of witness harmless, in view of other evidence.**

Any error in exclusion of defendant's evidence of obligation to plaintiff of his witness, for purpose of showing bias, was obviated by the subsequent introduction of the notes covering that obligation; the jury being made to understand witness' relation thereto.

Certiorari to Court of Appeals.

Petition of J. F. South for certiorari to Court of Appeals, to review and revise the judgment and decision of said court (88 South. 219[1]), rendered on his appeal in an action against him by the First National Bank of Fayette. Writ denied.

W. F. Finch, of Jasper, for appellant.

Unless the conditions are complied with, there is no agreement to pay. 106 Ala. 561, 17 South. 534; 144 Ala. 166, 39 South. 898; 194 Ala. 672, 69 South. 894. On these authorities the court erred in sustaining demurrers to the pleas. The instrument is not negotiable. 63 Ala. 547, 35 Am. Rep. 57; 103

Ala. 497, 15 South. 741; 8 C. J. 118. The court should have admitted evidence as to the consideration. 104 Ala. 662, 16 South. 625; 68 South. 874; Ib. 261. The note was without consideration. 114 Ga. 691, 40 S. E. 757, 88 Am. St. Rep. 53; 138 Cal. 169, 66 Pac. 740, 71 Pac. 83, 94 Am. St. Rep. 19; 177 Ill. 280, 52 N. E. 432, 42 L. R. A. 797, 69 Am. St. Rep. 242.

Ray & Cooner, of Jasper, and McNeil & Monroe, of Fayette, for appellee.

Counsel adopt, as their brief on this submission, the brief filed on the submission of this case in the Court of Appeals.

SOMERVILLE, J. [1-4] Although the complaint refers to the instrument sued on as a promissory note, and the instrument itself refers to the money agreed to be paid as a donation, it is clear from its terms that it is simply a subscription to procure the construction of a designated public road—a "state highway road leading from Fayette to Bluff to Guin, Ala." Being payable conditionally upon the completion of such a highway, it is not technically a promissory note (Louisville Banking Co. v. Gray, 123 Ala. 254, 26 South. 205, 82 Am. St. Rep. 120); and, while there may have been a technical variance between the allegations and proof in that regard as to count 1 and count B (Cairus v. Daniel, 16 Ala. App. 218, 77 South. 56), there was no prejudicial error in the trial judge's refusal to give the affirmative charge for defendant on those counts, since count A set out the instrument in totidem verbis, and the question of variance as to other counts could have had no bearing upon the result of the trial, which was had upon this obligation only.

"Subscription contracts are favored in law as calculated to foster public and quasi public enterprises. As a matter of public policy the courts are desirous that subscribers should not evade their deliberate promises of contribution, and their tendency therefore is to adopt such a rule as will sustain the subscriptions as a legal obligation." 25 R. C. L. 1398, 1399, § 4, citing Merchants', etc., Co. v. Chicago, etc., Co., 210 Ill. 26, 71 N. E. 22, 102 Am. St. Rep. 145; Illiopolis M. E. Church v. Garvey, 53 Ill. 401, 5 Am. Rep. 51; Brokaw v. McElroy, 162 Iowa, 288, 143 N. W. 1087, 50 L. R. A. (N. S.) 835; note, 48 L. R. A. (N. S.) 784.

[5] A consideration is of course necessary to make a subscription a binding obligation. But it need not exist at the time of its making, and may be supplied by the subsequent conduct of the payee or beneficiary.

"In other words, the mutuality of the promise is tested by the situation existing at the time it is sought to enforce the subscription, not by that existing at the time of the signing of the instrument." 25 R. C. L. 1401, 1402, §

⚙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 17 Ala. App. 569.

8; Owenby v. Ga. Baptist Assembly, 137 Ga. 698, 74 S. E. 56, Ann. Cas. 1913B, 238.

And, "when the party or institution for whose benefit a subscription is made acts thereon and incurs legal liabilities and expense on the faith thereof, the promise ripens into an enforceable contract." 25 R. C. L. 1402, citing a long list of authorities.

From the face of the instrument evidencing this subscription, and the circumstances of its making, it is clear that the plaintiff bank was made the agent of the community for the reception and disbursement of the funds contributed; and, the funds being required for use before the maturity of the numerous subscription notes, it is equally clear that the bank was authorized and expected to furnish the funds in advance of their payment by subscribers for the reimbursement of the bank.

It is without dispute that the bank did thus advance for the construction of this highway the amount promised by this defendant. Thereby what was before but a nudum pactum became a binding, enforceable obligation, subject of course to the condition expressed upon its face; none the less so by reason of the fact that the payee bank took the precaution of taking notes from a selected few, of known responsibility, as a guaranty of the final payment promised by original subscribers.

[6] Some of the cases treat the obligation of the subscriber from the standpoint of estoppel (see 37 Cyc. 492); but whether that theory is or is not correct, the action being upon the primary obligation, and the pleas setting up a want of consideration, a replication by the plaintiff is not necessary to let in proof that the consideration has been supplied by the subsequent action of the payee in advancing the amount of the subscription. So there is no question as to the pleading of an estoppel, as insisted upon by petitioner, since the act which estops, viz. the promise to pay, has already been declared upon in the complaint.

[7-10] It was clearly proper for the payee bank to show that Roberts, who induced defendant to execute the subscription agreement, was not the agent of the bank; for, if not, no parol understanding between defendant and Roberts could be fastened upon the bank, in derogation of the promise or in enlargement of the condition. And, moreover, "in accordance with the general rules of evidence, when a subscription agreement is in writing, parol evidence is not admissible to contradict the writing or to add conditions thereto which are not expressed." 25 R. C. L. 1407, § 13. The rule which admits parol evidence to show the real consideration for a written contract does not allow the use of such evidence to ingraft new and different conditions upon the promise. The promise to pay if there was a completion of the road as a "state highway" must be taken at its face value; that is, the payee bank was assured of reimbursement if a road was constructed between the designated points answering to that description in general terms, as the phrase "state highway" was then commonly used and applied. Parol specifications as to what kind of a state highway was in the mind and purpose of defendant when he signed the instrument cannot be shown. This view of the law justifies the rulings of the trial court in sustaining demurrers to the special pleas, and in excluding testimony, and refusing charges, relating to such specifications.

[11] The testimony of defendant that he was not benefited by the highway in question was but a legal conclusion. If that were a material issue—which it was not, in view of other conclusive evidence of a valid consideration—he should have stated the facts and left the conclusion to be drawn by the jury.

[12, 13] It is always competent for a party to show that an opposing witness, whose testimony is adverse to him, has an interest in the result in line with such testimony. Hence defendant could properly show on the cross-examination of plaintiff's witness Roberts that the witness was contingently liable for the payment of the amount of defendant's note if it was not collected out of defendant. What defendant offered to show was that the witness had agreed to pay the bank $5,000 "whether these notes were paid or not." This did not show any interest in the result of the suit, and could not support the inference of bias. Moreover, the two notes covering that obligation, signed by the witness and a number of others, were introduced in evidence later on, and the witness' relation thereto was fully understood by the jury.

Upon a very careful survey of the record we cannot see that any error has been committed by the Court of Appeals, and the writ of certiorari will be denied.

Writ denied.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.