MINATARE BANK OF MINATARE, NEBRASKA, APPELLANT, V. M. G. WILSON, APPELLEE.

FILED MAY 26, 1924. No. 22795.

1. **Bills and Notes:** HOLDER IN DUE COURSE. A purchaser of a negotiable promissory note does not become a holder in due course thereof until he has paid, or become bound to pay, the consideration.

2. ———: PAYMENT. In such case, the giving by a purchasing bank of credit on its books, or the issuance of a nonnegotiable certificate of deposit, for the amount of the consideration does not constitute payment.

3. ———: NEGOTIABILITY: WAIVER. A bank having issued a nonnegotiable time certificate of deposit does not, as to any defense that may thereafter arise, waive the nonnegotiable character of the certificate by merely informing a prospective purchaser that it is satisfactory for such purchaser to buy the certificate.

APPEAL from the district court for Scotts Bluff county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Mothersead & York* and *Floyd E. Wright,* for appellant.

*Morrow & Morrow, contra.*

Heard before MORRISSEY, C. J., ROSE and DAY, JJ., BLACKLEDGE and REDICK, District Judges.

BLACKLEDGE, District Judge.

This action was instituted by the appellant bank to recover of the defendant upon two certain promissory notes dated, respectively, October 3 and October 24, 1917, and maturing six months after date. The notes were originally delivered to agents of the Globe Life Insurance Company of Salina, Kansas, who had been engaged in selling capital stock of said insurance company in the vicinity of Minatare, and were given in purchase of shares of such stock. The defense alleged is fraud in the inception and procurement of the notes, and plaintiff claims as a holder in due course without notice of such fraud.

Upon the submission of the case in this court it was conceded that fraud in the procurement of the notes existed and was shown. The primary question, therefore, and in our judgment the one determinative of the case, is whether the plaintiff is entitled to protection as a holder of the notes in due course. The notes were negotiated and delivered to plaintiff within a few days after their execution. The mode of payment adopted was by issuance of certificates of deposit by the bank in favor of the insurance company maturing six months after date and at a lower rate of interest than that carried by the notes. The certificates for these notes were dated October 4 and November 17, respectively, and each carries upon its face the statement that it is not negotiable.

The evidence discloses without substantial dispute that the plaintiff bank learned of the fraud in the procurement of the notes and of the insolvent condition of the insurance company as early as February or March, 1918, which was prior to the maturity of either the notes or certificates. The appellee relies upon the proposition that, appellant not having paid for the notes except by issuance of these nonnegotiable certificates of deposit, and having had notice of the fraud before paying, or becoming bound to pay, the consideration, is not entitled to be considered a holder in due course. The appellant contends that it waived the nonnegotiability of such certificates and became bound for their

payment prior to receiving notice of the fraud, basing its contention upon the fact that the certificates within ten days or two weeks from their issuance were purchased, one by a bank in Lincoln and one by a bank in Omaha, and that at or before such purchases the purchasing bank made inquiry of plaintiff whether it would be satisfactory for them to make the purchase of these certificates, to which the Minatare Bank replied that it would. The evidence discloses that the negotiations respecting the purchase of these certificates were entirely by correspondence. The correspondence with the Omaha bank is not produced in evidence, but the only inference permissible from the evidence is that it was substantially the same as that with the Lincoln bank. The correspondence with the Lincoln bank consists of three letters, two of which are produced in evidence. The first is an inquiry concerning the certificates, to which the Minatare Bank replied under date of October 5:

"We are in receipt of your letter of the 3d inst., concerning our certificates of deposit issued in favor of the Globe Life Insurance Co. of Salina, Kansas. These certificates are printed as being not negotiable. It will be satisfactory to us if you purchase these certificates."

October 8 the Lincoln bank replied, giving a list of certain certificates as purchased on that date, wherein is included the one of October 4, and adding: "We presume, of course, that it is satisfactory for you to have us purchase these certificates. * * * As you appreciate, we are asking this on account of the nonnegotiable feature of the certificates."

This, except a reference in the oral testimony of the cashier of the Minatare Bank to the substance of the correspondence, completes the showing made as to the negotiations for these certificates, and no correspondence is shown having reference to the later certificate of November 17. This evidence wholly fails to show any act sufficient to change or waive the nonnegotiable character of the instruments in question, and in our judgment does not tend to

show that it was the intention of the parties so to do. It is, at most, an expression that so far as the issuing bank was then advised there was no objection on its part to the purchase of the outstanding certificates. The transaction falls short of such an agreement as would preclude the issuing bank from asserting any defense which should thereafter become known to it respecting the certificates, and does not indicate an intention to bar the subsequent assertion of such a right.

We regard it as a well-settled proposition that, where a bank purchases a note and payment is not made therefor except by the giving of credit on the bank's books, or the issuance, as in this case, of a nonnegotiable certificate of deposit maturing at a later date, the purchasing bank does not become entitled to protection as a *bona fide* holder so long as no part of the deposit is drawn out or the certificate has not been paid or become an absolute outstanding liability of the bank. As long as the amount to be paid remained in such condition, the bank, if it received notice of the fraud, was still in position to return the notes and cancel the credit. *Thompson v. Sioux Falls Nat. Bank,* 150 U. S. 231; *Union Nat. Bank v. Winsor,* 101 Minn. 470, 118 Am. St. Rep. 641, 11 Ann. Cas. 204; *City Deposit Bank v. Green,* 130 Ia. 384; *Clayton v. Bank of East Chattanooga,* 204 Ala. 64.

It is familiar law that one holding a note as collateral security is to be considered a holder in due course, but only to the amount of the principal debt for which the collateral is pledged. *Vian v. Hilberg,* 111 Neb. 232. Our statute provides: "Where the transferee receives notice of any infirmity in the instrument or defect in the title of the person negotiating the same before he has paid the full amount agreed to be paid therefor, he will be deemed a holder in due course only to the extent of the amount theretofore paid by him." Comp. St. 1922, sec. 4665. Considering now the evidence as to the payment of these certificates as related to the time of maturity of the notes, it will be observed that the certificate issued October 4 was not paid

until April 5 following, which is the date of the paid stamp of the Minatare Bank thereon, although the date of the indorsing stamp of the Lincoln bank is April 8. Either date, however, is subsequent to the maturity of the note; and upon the second note which matured April 24 payment of the certificate was not made until May 18; so that in neither instance was payment made within the rule of the cases cited until after the maturity of the notes purchased, and the plaintiff bank could not then become a holder in due course so as to preclude the assertion against it of the defense of fraud.

These considerations render unnecessary the discussion of other features of the case. The judgment of the district court was right, and it is

AFFIRMED.

Note—See Bills and Notes, 8 C. J. p. 480, sec. 698; p. 482, sec. 700; p. 391, sec. 577; p. 487, sec. 702.